603 A.2d 212

**LUZERNE COUNTY CHILDREN AND YOUTH SERVICES, Appellee,**

v.

**Larry COTTAM, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 16, 1992.

Filed Feb. 26, 1992.

Larry Cottam, pro se.

Anthony J. Lumbis, Wilkes–Barre, for appellee.

Before ROWLEY, P.J., and OLSZEWSKI and MONTEMURO, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the Court of Common Pleas of Luzerne County, ordering appellant Larry Cottam to pay support for his minor child, Laura Cottam. Laura Cottam is in the care of appellee Luzerne County Children and Youth Services [hereinafter "Luzerne C.Y.S."]. Finding no merit to appellant's arguments, we affirm the lower court. A discussion of the case follows.

Appellant Larry Cottam was convicted of third-degree murder in the starvation death of his minor child, Eric. When appellant was incarcerated as a result of that conviction, appellant's other child, Laura Cottam, was placed in the care of appellee Luzerne C.Y.S. Appellant is presently free on bail pending appeal of his conviction; however, Laura Cottam has remained in the care of appellee Luzerne C.Y.S.

Luzerne C.Y.S. brought this action against appellant for support of appellant's minor daughter.[1] The action resulted in a master's report, to which appellant took exceptions. The court denied the exceptions and entered an order requiring that appellant pay support in the amount of $20.00 per week plus $2.00 per week on arrearages, and, further, that appellant provide health insurance coverage for Laura Cottam. From this order, appellant filed this timely appeal.

Appellant raises four issues for our consideration on appeal.[2]

1. Whether the issuance of a support order is improper since the parents have been wrongfully denied the custody of their child due to the court's erroneous adoption of a psychiatric evaluation and a family service plan which challenge the sincerity and validity of the parents' religious beliefs.

2. Whether the issuance of the support order is improper since it requires the father to underwrite the Commonwealth's systematic attempt to reprogram his child's religious beliefs.

3. Whether the issuance of the support order is a violation of due process since the dependency hearings are

---

1. It is unclear why Luzerne C.Y.S. only brought an action against appellant and did not also bring an action against the child's mother. The law is clear that both parents are responsible for a child's support.

2. We note that appellee Luzerne C.Y.S. has argued that appellant has waived the issues presented by failing to raise them in the court below. While we find appellee's argument persuasive, we believe appellant has tenuously preserved the issues presented in the letter he attached to and referred to in his exceptions. In making this determination, we recognize that appellant has been *pro se* throughout this matter.

incomplete and no final order of dependency has been issued.

4. Whether the issuance of the support order is improper since the questions in this appeal are relevant to the issue of child support as well as child custody.

(Appellant's brief at 3.) Finding no merit to appellant's arguments, we affirm the decision of the lower court.

The standard of review for support orders is well established. An appellate court will not interfere with a child support order absent a clear abuse of discretion. *Levine v. Levine,* 360 Pa.Super. 297, 520 A.2d 466 (1987). An abuse of discretion is not "merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Fee v. Fee,* 344 Pa.Super. 276, 496 A.2d 793 (1985). "Further, it is within the sole province of the trial judge, sitting without a jury, to assess the credibility of the witnesses and to weigh their testimony." *Rock v. Rock,* 385 Pa.Super. 126, 134, 560 A.2d 199, 203 (1989).

Appellant's first argument is that the lower court erred in issuing the support order, because Laura Cottam's placement with Luzerne C.Y.S. is erroneous. Appellant argues that the placement was improper because the care and treatment she is receiving is antithetical to her and her parents' religious beliefs. The question of the appropriateness of Laura Cottam's placement with Luzerne C.Y.S. is not properly before this Court.[3] The order appealed from deals only with Larry Cottam's duty to support his minor child. This Court will not decide matters outside the order appealed. Appellant's first argument is without merit.

**3.** Although the issue of Laura Cottam's dependency is clearly not before the Court, we doubt we would find any error in the child's placement. Appellant and his wife were found guilty of third-degree murder in the starvation death of another child. We would likely have little difficulty in affirming the placement on such facts.

■ Appellant's second argument is that child support was improperly awarded because it forces appellant to underwrite a system of child care of which he is opposed on religious grounds. This argument is somewhat related to appellant's first argument; and to the extent the argument is an attack on the child's placement, we find that it is not before the Court for the reasons discussed above. To the extent the argument is an attempt to establish a religious exception to child support, we find it to be a novel, but meritless argument. "Parents are liable for the support of their children who are unemancipated and 18 years of age or younger." 23 Pa.C.S.A. § 4321(2). The legislature has set forth this requirement in clear and certain terms. The legislature has in no way allowed for the finding of a religious exception to the obligation to support a minor unemancipated child. Appellant's arguments regarding the religious implications of the care his daughter is receiving from appellee do not relate to his obligation to support his daughter. Only appellant's obligation to support his daughter is before the Court. Even if we were to assume a religious problem with the care Laura Cottam is receiving, this would in no way affect Larry Cottam's duty to support her. Appellant's second issue is without merit.

■ Appellant's third argument in this matter is that the issuance of a support order is a violation of due process because the dependency action is not finalized. This argument lacks all merit. Appellee is entirely correct in arguing that custody and support are distinct concerns, and that the obligation to support one's child is not dependent upon a parent's having custody of a child. *Commonwealth, ex rel. Barbara M. v. Joseph M.*, 286 Pa.Super. 51, 428 A.2d 567 (1981). At present it appears from the record that Laura Cottam was placed with Luzerne C.Y.S. in 1989 upon the incarceration of appellant and his wife. As far as we can determine from the record, this placement has continued to date. Whether there are challenges pending to the child's placement is irrelevant. The child's care is being provided

by Luzerne C.Y.S. and support is due. Appellant's third argument is without merit.

Appellant's final argument is that the issues he raises here are relevant to child custody as well as child support. Appellant is mistaken. We have previously discussed the applicability of appellant's arguments to support and custody. We repeat again that we find that appellant's arguments have no bearing upon his duty to support his child, and whether or not they have any bearing upon child custody/dependency is not before this Court. Appellant's final argument is without merit.

Finding merit to none of appellant's arguments, we affirm.

Order affirmed.