644 A.2d 1259

**Nancy L. BRATTON, Appellee,**

v.

**Charles B. JURY, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 16, 1994.

Filed July 21, 1994.

Richard D. Gearhart, Clearfield, for appellant.

J. Richard Mattern, II, Clearfield, for appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

In the present appeal, we must apply the provisions of the Revised Uniform Reciprocal Enforcement of Support Act, 23 Pa.C.S.A. § 4501 *et seq.*, to an unusual set of facts. Appellant, a resident of South Carolina, was ordered by the Court of Common Pleas of Clearfield County to pay child support in the amount of $620.00 for the maintenance of his two children who currently reside with their maternal grandparents in Clearfield County.[1] Herein, Appellant questions: 1) Whether appellee, the maternal grandmother who has physical custody of the children, could legally bring a child support action; and 2) Whether the lower court lacked jurisdiction since the Revised Uniform Reciprocal Enforcement of Support Act ("RURESA") and Pa.R.C.P. 1910.2 provide that the proper forum for this support action is in South Carolina. Upon

---

1. In addition, appellant was ordered to pay $ 25.00 per month until his accumulated arrearages of $ 150.00 are satisfied.

review, we find that the lower court erred in entering a support award, and we are compelled to hold that the court should have transferred this support action to the courts of South Carolina.

The record reveals the following facts: appellant and Jodi L. Jury are the parents of the minor children *sub judice* and were divorced in 1988. By agreement, primary physical custody of their son was granted to appellant, while physical custody of their two daughters was vested in Jodi Jury.[2] In addition, appellant agreed to pay Jodi Jury child support of $300.00 per month, which was taken directly from his pay as a United States Marine. Appellant has complied with this agreement which was incorporated into the parties' divorce decree.

In 1993, the daughters were removed from Jodi Jury's home in South Carolina and placed in the protective custody of the Beaufort County Department of Social Services. An investigation found Jodi Jury and her paramour to be perpetrators of neglect, abandonment and verbal abuse. Jodi's paramour was also found to be the perpetrator of the "threat of sexual abuse" of the children. On April 23, 1993, the Beaufort County Family Court transferred primary physical custody of the two daughters to appellee, Nancy Bratton, and Gary Bratton, of Philipsburg, Pennsylvania. The Brattons are the children's maternal grandparents. The South Carolina court ordered that legal custody of the minor children would remain with Beaufort County Department of Social Services until such time as legal custody could be transferred to Clearfield County Children & Youth Services. The court also ordered appellant to make his child support payments to appellee. As of the present date, legal custody of the minor children remains with the Beaufort County Department of Social Services since it appears that Clearfield County Children & Youth Services has refused to accept legal custody of the children.

On May 10, 1993, appellee filed her child support complaint in the Court of Common Pleas of Clearfield County. Follow-

---

**2.** Appellant's and Jodi Jury's son is not a subject of this child support action.

ing a support conference on June 11, 1993, the Domestic Relations Office of Clearfield County, in accordance with Pennsylvania's child support guidelines, recommended that appellant pay support in the amount of $620.00 per month, plus $25.00 per month towards arrearages. See, Pa.R.C.P. 1910.16–1 *et seq.* (Sets forth the support guidelines and their proper application).

Appellant requested and was granted a hearing *de novo* since he was unable to attend the June 11 conference. At the *de novo* hearing, appellant asserted that the Clearfield Court of Common Pleas lacked jurisdiction to issue a support order since legal custody of the children remained with the Beaufort County Department of Social Services and he was a resident of South Carolina through the relevant time period. Nevertheless, the lower court determined it had jurisdiction over the matter since the children were residing in Pennsylvania, and the court ordered appellant to pay child support in accordance with the prior recommendation of the Clearfield County Domestic Relations Office.

■ First, appellant cites Pa.R.C.P. 1910.3 and asserts that only a person who has *legal* custody of a child can bring a support action on the child's behalf. Thus, appellant contends that appellee lacked standing to file the present support action since legal custody of the children remains with the Beaufort County Department of Social Service. However, we find this argument to be meritless. Pa.R.C.P. 1910.3, in pertinent part, provides that "An action [for child support] shall be brought . . . on behalf of a minor child by a person having custody of the minor. . . ." Pa.P.C.P. 1915.1(b) defines custody as "the legal right to keep, control, guard, care for and preserve a child and includes the terms 'legal custody,' 'physical custody,' and 'shared custody[.]' " Clearly, appellee has primary physical custody of the children, and, thus, she has standing to bring a support action on the children's behalf.

■ Second, appellant contends that the lower court lacked jurisdiction over appellant and erred by failing to comply with the terms of Pa.R.C.P. 1910.2 and the Revised Uniform Recip-

rocal Enforcement of Support Act, 23 Pa.C.S.A. § 4501 *et seq.* We agree. Pa.R.C.P. 1910.2 provides that "An action [for child support] may be brought in any county in which (1) the defendant resides, or (2) the defendant is regularly employed, or (3) the plaintiff resides and that county is the county in which the last family domicile was located and in which the plaintiff has continued to reside." Clearly, the present facts do not fall within any of those categories. Appellant has been a resident of and employed in South Carolina throughout the relevant time period, and the last family domicile was in South Carolina.

■ The note to Pa.C.R.P. 1910.2, in pertinent part, states: "If an action for support is brought in the county in which the plaintiff resides but that county is not the county in which the last family domicile was located and in which the plaintiff has continued to reside, the action *shall* proceed in accordance with the Revised Uniform Reciprocal Enforcement of Support Act (1968), 23 Pa.C.S.A. § 4501 *et seq.,* if the defendant is outside of the Commonwealth, . . . and not in accordance with these rules." (Emphasis added.) Thus, this support action should have proceeded in accordance with the provisions of RURESA, since appellant is a resident of South Carolina and Clearfield County is not the site of the last family domicile. *See, Carney v. Dahlmann,* 425 Pa.Super. 163, 624 A.2d 197 (1993). In fact, it was the duty of the Court of Common Pleas of Clearfield County to certify and forward this support action to the Family Court of Beaufort County, South Carolina which possessed the requisite jurisdiction over appellant. 23 Pa. C.S.A. § 4514. Furthermore, it is clear that "[d]uties of support applicable under [RURESA] are those imposed under the laws of the state where [appellant] was present for the period during which support is sought." 23 Pa.C.S.A. § 4507. Thus, it is the law of South Carolina which governs this support action, including the amount of support to be paid to appellee on the children's behalf. *Cf., Miller v. Jolly,* 347 Pa.Super. 218, 500 A.2d 485 (1985); *Oman v. Oman,* 333 Pa.Super. 356, 482 A.2d 606 (1984); *Chrzanowski v. Chrzanowski,* 325 Pa.Super. 298, 472 A.2d 1128 (1984).

In sum, we find that the lower court erred in setting appellant's support obligation in accordance with the laws of Pennsylvania. Rather, pursuant to the express provisions of RURESA, this support action should have been transferred to the courts of South Carolina and that state's laws governing child support applied. Accordingly, we must vacate the support order *sub judice* and remand for transfer of the action to the courts of South Carolina in accordance with RURESA.

Order vacated. Case remanded for proceedings in accordance with the provisions of this opinion.