674 A.2d 728

**Lee C. LARSON, Appellant,**

v.

**Paul DIVEGLIA, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 12, 1996.

Filed April 10, 1996.

Anthony J. Zanoni, Hollidaysburg, for appellant.

Terry W. Despoy, Altoona, for appellee.

Before POPOVICH, JOHNSON and OLSZEWSKI, JJ.

POPOVICH, Judge:

In an issue of first impression, we are asked to decide whether a person, not a parent, having undisputed physical custody of a child has standing to petition the court for child support in the absence of a court order granting such custody. We find that such a custodial person does have standing, and, accordingly, we reverse the lower court.

The record indicates that appellant filed a complaint for child support in the Court of Common Pleas of Blair County. In response, appellee filed preliminary objections. The lower court granted appellee's preliminary objections, thereby dismissing appellant's complaint, because it determined that appellant did not have standing to institute a support action on behalf of Paul Diveglia, II. The sole issue raised on appeal by appellant is whether the lower court erred in determining that the absence of a court order awarding him legal custody or primary physical custody of Paul Diveglia, II, precluded him from having standing to bring an action for child support. Appellant contends that because he has actual physical custody of the child, i.e., the child resides with him, he has standing to bring an action for child support on behalf of the child. After a careful review of the record, the parties' briefs and the applicable law, we reverse and remand for proceedings in accordance with the provisions of this opinion.[1]

1. We note with disapproval that appellant's brief does not include a "Statement of Questions Involved" as is required by P.R.A.P. 2116(a). Generally, questions not presented in the "Statement of Questions Involved" are deemed waived. *See Harkins v. Calumet Realty Co.,* 418 Pa.Super. 405, 614 A.2d 699 (1992). However, the issue raised by

The record reveals the following facts: Appellee and his ex-wife had one child, Paul Diveglia, II, who was born on November 20, 1984. While appellee and his ex-wife were going through the process of divorce, their child resided primarily with appellant and his wife, Gloria Larson. Ms. Larson is the child's paternal aunt. As a result of appellee and his ex-wife being unable or unwilling to care for the child, the lower court entered an order on May 5, 1995, whereby temporary legal and physical custody was given to Ms. Larson. Although the lower court was aware that Ms. Larson was married to appellant, it did not specifically include him in the court order. However, the parties do not dispute that the child resides with both Ms. Larson and appellant in their home, and that appellant is the primary wage earner for his family, including the child at issue. The child has resided with Ms. Larson and appellant for approximately five years.

Following the entry of the temporary custody order, Ms. Larson refused to file a complaint for support. In light of the financial expenses incurred by appellant while providing for the child's needs, he filed a complaint for support against appellee. As discussed previously, appellee filed preliminary objections, and the lower court dismissed appellant's complaint. Appellant brought this timely appeal challenging the propriety of the lower court's granting of appellee's preliminary objections, resulting in dismissal of appellant's complaint for lack of standing.

To determine whether appellant has standing in this matter, we must first examine Pennsylvania Rule of Civil Procedure 1910.3. Rule 1910.3 provides, in pertinent part, that "[a]n action [for support] shall be brought ... (2) on behalf of a minor child by a person having *custody* of the minor, without appointment as guardian ad litem, ...." Pa.R.C.P. 1910.3(2) (emphasis added). "Custody" is defined as "the legal right to keep, control, guard, care for and preserve a child and in-

appellant in the argument section of his appellate brief suggests the specific issue which we are being asked to review. Therefore, appellant's failure to comply with Rule 2116(a) does not impede our ability to review the issue, and, accordingly, we will address the merits of his appeal. *Savoy v. Savoy*, 433 Pa.Super. 549, 641 A.2d 596 (1994).

cludes the terms 'legal custody,' 'physical custody,' and 'shared custody.' " Pa.R.C.P. 1915.1(b). *See Bratton v. Jury,* 435 Pa.Super. 110, 644 A.2d 1259 (1994). "Legal custody" is defined as "the legal right to make major decisions affecting the best interests of a minor child, including but not limited to, medical, religious and educational decisions; . . . ." Pa.R.C.P. 1915.1(b). "Physical custody" is defined as "[t]he actual physical possession and control of a child." Pa.R.C.P. 1915.1(b).

Appellant admits that it his wife, Ms. Larson, who has "legal custody" of the child. However, he argues that both he and his wife have "physical custody" of the child and, therefore, he has standing to bring a support action on the child's behalf. We agree.

The particular question in this case regarding appellant's "physical custody" of the child is one of first impression in the appellate courts of Pennsylvania. However, we have addressed situations similar to this.

In *Trosky v. Mann,* 398 Pa.Super. 369, 581 A.2d 177 (1990), we considered whether the Children's Home of Reading (Home) was entitled to receive support from appellant for the time during which his child resided at the Home. In this case, the appellant did not consent to the child staying at the Home and he never signed any documents to that effect. We held that the determination of a parent's liability for his child's upbringing, i.e., support, is to be done on a case-by-case basis. *Trosky,* 581 A.2d at 180. We further held that a parent has a stringent obligation to support his child aged eighteen or less, and, therefore, the Home was entitled to receive support from appellant for the expenses incurred by it in the performance of services for the minor child. *Id.* We note that the Home did not have "legal custody" of the child, and the child was not staying at the Home pursuant to a court order.

In *Bratton v. Jury,* 435 Pa.Super. 110, 644 A.2d 1259 (1994), we considered whether appellee, the maternal grandmother who had physical custody of the children at issue, could legally bring a child support action. In this case, Beaufort County Department of Social Services in North Carolina had "legal

custody" of the children. However, the Beaufort County Family Court transferred primary physical custody of the children to appellee, who resided in Pennsylvania. Appellant argued that pursuant to Pennsylvania Rule of Civil Procedure 1910.3, only a person who has "legal custody" of a child can bring a support action. We found appellant's argument to be meritless and held that a person who has primary physical custody of a child has standing to bring a support action on a child's behalf. Therefore, the maternal grandmother had standing to bring a support action.

In the case at bar, the lower court acknowledged our decision in *Bratton* but determined that it was distinguishable from the present case. The lower court held that appellant does not have standing in this matter because, unlike the maternal grandmother in *Bratton,* he does not have "physical custody" of the child pursuant to a court order. In its opinion, the lower court stated that "[p]etitioner herein has no court order for custody. *De facto* custody can not supercede written and express court orders." Trial Court Opinion at 3.

Contrary to the lower court's holding, we find that neither the language of the statute nor any Pennsylvania appellate decision limits the definition of "physical custody" only to those individuals who have physical custody pursuant to a court order. Clearly, the express language of Rules 1910.3(2) and 1915.1(b) indicates that a party has standing to bring an action for child support on behalf of a child if the party has "physical custody," which the statute defines as "actual physical possession and control of a child." We find that "physical custody" means literal actual physical possession and control of a child, and, therefore, the manner in which the child came into the non-parent's physical possession, i.e., without a court order, is not fatal to the finding of standing. We further note that our literal interpretation of the term "physical custody" is supported by the fact that our legislature has expressly indicated that the term "custody" includes both "legal custody" and "physical custody," thereby indicating that it did not intend to equate "physical custody" with "legal custody" which requires a court order.

Here, it is undisputed by the parties that appellant has actual physical possession and control of the child in this case. That is, it is undisputed that the child resides with appellant and that appellant is the primary wage earner for the child, providing him with the necessities of life. Therefore, we find that appellant has "physical custody" of the child and has standing to bring a support action on the child's behalf.

We note that our literal interpretation of "physical custody" is in keeping with the overriding policy of promoting the best interest of the child.

> [We have held that] [a]t common law, the duty of a parent to support his child was conditioned upon a parent receiving love, affection and assistance from that child. Contrary to the common law, today, the duty to support a minor child is absolute.... [I]n awarding child support, we must be cognizant of its purpose which is to promote the best interest of the child.

*Oeler v. Oeler*, 527 Pa. 532, 594 A.2d 649, 651 (1991). In addition, financial support is an obligation shouldered by a parent and accruing to a child. That is, child support is a benefit for the minor child, not for the recipient custodial adult. *Id.*

As discussed previously, our decision today, which establishes that appellant has standing to bring a support action on the child's behalf because he has "physical custody," furthers this overriding policy of promoting the best interest of the child. Moreover, were we to conclude that appellant does not have standing in this case because of the absence of a court order, we would be holding in essence that appellant, the primary wage earner for his family, could not be reimbursed for the necessities of life which he has provided to the child, necessities of life which are the obligation of appellee to his child. *See Trosky, supra* (holding that it is a parent's obligation to provide for the reasonable expenses of raising a child).

For all of the foregoing reasons, we reverse and remand for proceedings in accordance with the provisions of this opinion. Jurisdiction relinquished.

JOHNSON, J. files a Dissenting Opinion.

JOHNSON, Judge, dissenting.

Because I find that Larson has failed to state a cause of action, I would affirm the trial court's order which granted Diveglia's preliminary objections and dismissed the complaint for support. Moreover, I conclude that the Majority has inappropriately expanded the definition of standing to include Larson in this case. Thus, I must respectfully dissent.

Initially, I note with disfavor that the complaint filed in the Blair County Court of Common Pleas is void on its face for failing to state a cause of action. The complaint is a computer generated form that Larson, for the most part, left blank. The only portions of the complaint that have been filled in are the plaintiff's address and birth date, and the defendant/father's address and place of employment. Larson does not ask for support for the minor child in this form, as the space provided for this purpose was completed as "not applicable." Thus, pursuant to Rule 206.1, I would dismiss this petition for failure to state the material facts which constitute the grounds for relief.

Moreover, because Larson does not have the *legal* right to care for this child, he is precluded from petitioning any court for an award of child support. The Majority concludes that, because the child lives in his home, Larson has become vested with physical custody. However, I do not see support for this position in the statute. The rule governing who may bring an action for support states that such an action *shall* be brought "on behalf of a minor child by a person having custody of the minor...." Pa.R.C.P. 1910.3(2). Further, "custody" is defined as "the *legal right* to keep, control, guard, care for and preserve a child and includes the terms 'legal custody,' 'physical custody,' and 'shared custody'[.]" Pa.R.C.P. 1915.1(b) (Emphasis added).

The Majority baldly asserts that Larson has physical custody of the child. However, he cannot have physical custody if he has no legal right to the actual physical possession and control of this child. I emphasize my belief that an individual cannot vest himself with legal rights regarding a child merely by asserting physical control over that child. In the present case, the court has awarded legal custody to the child's paternal aunt; namely, Larson's wife. Thus, pursuant to Rule 1910.3(2), she is the only individual with standing to bring an action for support against the child's father.

Finally, I disagree with the Majority's reliance upon *Bratton v. Jury*, 435 Pa.Super. 110, 644 A.2d 1259 (1994), for the proposition that a person who is not a parent has standing to bring an action for child support. In *Bratton*, Judge Popovich considered whether a maternal grandmother could petition the court for an order of support to be entered against an out-of-state father. In deciding this issue, however, the court merely asserted that "Clearly, appellee has primary physical custody of the children, and, thus, she has standing to bring a support action on the children's behalf." 435 Pa.Super. 110, 113, 644 A.2d 1259, 1261 (1994). The Court does not set forth any analysis to support this conclusion, nor is their resolution of this issue supported by citation to authority. Thus, I do not find this decision to be persuasive. Moreover, I fail to find support for the Majority's decision in *Trosky v. Mann*, 398 Pa.Super. 369, 581 A.2d 177 (1990). In *Trosky*, the Court held that a father must be responsible for the necessary expenses that a minor has incurred prior to emancipation. Thus, because Trosky did not deal with the issue of child support, it is distinguishable from the case before us.

Based upon the foregoing, I would affirm the order that granted Diveglia's preliminary objections and dismissed the complaint for support. Hence, this dissent.