Anna M. ELKIN, Appellee,

v.

Irsh C. WILLIAMS, Appellant.

Superior Court of Pennsylvania.

Submitted May 23, 2000.

Filed June 27, 2000.

Mitchell A. Sommers, Ephrata, for appellant.

Anna M. Elkin, appellee, pro se.

Before HUDOCK, MUSMANNO and BROSKY, JJ.

HUDOCK, J.:

¶1 Irsh C. Williams (Mother) appeals from the order affirming the Domestic Relations Conference Officer's recommendation that Anna M. Elkin (Elkin) be awarded $180.00 per month for the support of Mother's adult unemancipated son, Emmanuel W. Roldan, plus $50.00 per month arrears. For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

¶2 The relevant facts and procedural history are set forth as follows: Mother and Emmanuel resided in Marion Center where Emmanuel attended Marion Center High School. Mother subsequently moved to Lancaster, Pennsylvania, with her new husband while Emmanuel chose to continue to reside alone in Mother's home in Marion Center in order to complete his secondary education. Emmanuel, born December 28, 1980, turned eighteen years of age on December 28, 1998, during his junior year of high school. In March 1999, the electricity at Mother's home in Marion Center was turned off due to unpaid bills. At this point, Emmanuel, upon his own initiative, moved in with Elkin, a family friend. Mother at this time requested Emmanuel to reside with her in Lancaster, which he refused to do based upon his desire not to change schools. He further pointed out to Mother that he was now legally an adult and did not have to abide by her wishes. Although subsequently the electricity was turned back on at Mother's residence, Emmanuel did not move back to Mother's house. Mother had, at an unknown time, prepared a notarized letter granting temporary custody of Emmanuel to Elkin during her absence.

¶3 On May 4, 1999, Elkin filed a complaint for support of Emmanuel with the Indiana County Domestic Relations Section. A hearing on the complaint was held before a conference officer on May 14, 1999. Both Mother and Elkin attended the hearing without representation. At the hearing, Mother presented to the conference officer a notarized letter that had been sent to Elkin terminating her temporary custody of Emmanuel. Mother also advised the conference officer that she had been involved in an automobile accident in which she suffered multiple fractures in her right leg and a head injury, and as a result was unable to secure employment. However, Mother did not provide any documentation to support these contentions. At the conclusion of the hearing Mother was permitted five days to provide medical documentation as to any disability or injury which would prevent her from securing employment and verification that she had enrolled Emmanuel in the Lancaster school system. Upon failing to receive any supplemental information from Mother, the conference officer recommended that Mother be imputed a monthly net income of $746.45 based upon a 40–hour work week at the minimum wage rate of $5.15 per hour. Based upon the guidelines, Mother's monthly child support obligation was determined to be $180.00 per month.

On May 19, 1999, the court adopted the conference officer's recommendations and entered an order of support for Emmanuel in the amount of $180.00 per month plus $50.00 per month arrearages.

¶ 4 On June 7, 1999, Mother filed exceptions to this order and provided as an attachment a physician's information request form outlining Mother's injuries and illnesses, treatment rendered and prognosis, which was completed by her attending physician, and a copy of a completed enrollment application for Emmanuel to attend McCaskey High School in the School District of Lancaster. Although Mother's *pro se* exceptions are inartfully set forth, they clearly challenge the award on the basis of a permanent disability, lack of standing of Elkin to file and maintain a support action and Emmanuel's unilateral decision to remain with Elkin against Mother's wishes.

¶ 5 On July 19, 1999, the court held a hearing on the exceptions at which both Mother and Elkin again appeared *pro se.* During the hearing, the court permitted Mother only to address the issue of the correctness of the amount of support. At the conclusion of the hearing, the court entered an order denying Mother's exceptions and affirming the support order entered May 19, 1999. It is from this order that Mother appeals.

¶ 6 On appeal, Mother, now represented by counsel, presents the following issues for our consideration:

(1.) In a support hearing in Common Pleas Court, did the Court abuse its discretion, and/or commit a legal error, when it ordered [Mother] to make child support payments to [Elkin]? This question is presented in light of the refusal of the Trial Court to consider any issues other than the correctness of the amount of support under the Pennsylvania Guidelines (Pa.R.Civ.P. § 1910 *et seq.*). In the alternative, shall the

support case underlying this appeal be remanded to the Common Pleas Court to consider the issue of whether [Elkin] had standing to sue for child support?

(2.) If the Trial Court was correct in awarding child support to [Elkin], did it constitute legal error for the Trial Court to disregard [Mother's] inability to work due to physical and emotional problems, while projecting her ability to earn based on a forty hour week at the federal minimum wage?

Mother's Brief at 1.[1]

 ¶ 7 Our scope of review in child support cases is well settled. "When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." *Calabrese v. Calabrese,* 452 Pa.Super. 497, 501–02, 682 A.2d 393, 395 (1996). We will not interfere with the broad discretion afforded the trial court absent an abuse of that discretion or insufficient evidence to sustain the support order. *Id.* An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused. *Depp v. Holland,* 431 Pa.Super. 209, 210–15, 636 A.2d 204, 205–206 (1994). *See also Funk v. Funk,* 376 Pa.Super. 76, 80–82, 545 A.2d 326, 329 (1988). In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interest. *Depp,* 636 A.2d at 206.

¶ 8 In support of her first claim, Mother asserts that the trial court abused its discretion in misapplying the law. Specifically, she contends that in permitting an award of support to Elkin, the trial court failed to adhere to legal precedent set

---

**1.** We note that Elkin has failed to file a brief on appeal.

forth by our Supreme Court in *Larson v. Diveglia*, 549 Pa. 118, 700 A.2d 931 (1997). In *Larson*, an uncle of a minor child, with whom the minor child was residing, petitioned the court for support of the child from the biological father. The trial court granted the biological father's preliminary objections on the basis that the uncle lacked legal standing to pursue an order for child support. This Court reversed the trial court finding that the uncle possessed *de facto* physical custody and, as such, possessed legal standing to bring a support action on the child's behalf. Upon appeal to our Supreme Court, the Court reversed our decision holding that "absent an order granting legal or physical custody a person does not have standing to bring an action for child support." [2] *Larson*, at 120, 700 A.2d at 932. In reaching its decision, the Court reasoned:

> The right to child support belongs to the child and should only be asserted by a party who possesses a legal right to act on behalf of the child.... The creation of a doctrine of "de facto" standing to enable a person in possession of a minor child, in the absence of a formal custody order or *agreement,* to sue for support would only serve to further complicate this area of the law.

*Id.* at 123, 700 A.2d at 933 (emphasis added). However, subsequent to the decision in *Larson*, our legislature amended 23 Pa. C.S.A. section 4341, entitled "Commencement of support actions or proceedings", to read in pertinent part as follows:

> (a) **Procedure.**—A support action or proceeding under this chapter shall

be commenced in the manner prescribed by the Rules of Civil Procedure governing actions of support.

> (b) **Standing.**—Any person caring for a child shall have standing to commence or continue an action for support of that child regardless of whether a court order has been issued granting that person custody of the child.

23 Pa.C.S.A. § 4341.[3]

¶ 9 Although there appears to be a conflict between the provision of Pa.R.C.P. 1910.3 and the standing provision of 23 Pa.C.S.A. section 4341, as to who may bring an action of support, we do not find resolution of this apparent conflict necessary to disposition of this action.

▮ ¶ 10 Because Emmanuel turned eighteen on December 28, 1998, and Elkin did not file her petition until May 4, 1999, Elkin could not have acquired standing to bring an action for child support against Mother on the basis of either Rule 1910.3, as interpreted by *Larson*, or 23 Pa.C.S.A. section 4341. The only possible provision of Rule 1910.3 applicable to this action is subsection (2) which states that an action shall be brought "on behalf of a *minor* child by a person having custody of the *minor*, without appointment as guardian ad litem ..." (emphasis added). Pa. R.C.P. 76 defines minor as "an individual under the age of eighteen years."

▮ ¶ 11 Similarly, 23 Pa.C.S.A. section 4341 grants standing to "[a]ny person car-

---

**2.** The Supreme Court in *Larson* determined that only subsection (2) of Pa.R.C.P. 1910.3, which sets forth who has standing to bring an action for support, was applicable to the facts of that case and in its discussion of what constitutes custody for standing. Rule 1910.3 provides as follows:

> An action shall be brought
> (a) by a person, including a minor spouse, to whom a duty of support is owing, or
> (b) on behalf of a minor child by a person having custody of the minor, without appointment as guardian ad litem, or

> (d) by a public body or public or private agency having an interest in the care, maintenance or assistance of a person to whom a duty of support is owing, or
> (e) by a parent on behalf of a child over eighteen years of age to whom a duty of support is owing, with the written consent of the child.

**3.** Section 4341 was amended December 16, 1997, and became effective January 1, 1998. Prior to amendment, section 4341 contained only the language which is now subsection (a) of the statute.

ing for a *child* ... to commence or continue an action for support of that *child* regardless of whether a court order has been issued granting that person custody of the *child.*" (emphasis added). "A '*child*' is defined in this Commonwealth for domestic relations purposes, ... as '[a]ny unemancipated person under 18 years of age.'" *Walker v. Walker*, 362 Pa.Super. 75, 80, 523 A.2d 782, 784 (1987) (citing 23 Pa.C.S.A. § 5302).[4] Because Emmanuel is not by definition a "child" or "minor", but rather is an unemancipated adult, Elkin does not fall within the parameters of either Pa.R.C.P. 1910.3 or 23 Pa.C.S.A. section 4341 as a person permitted to file a support action on behalf of Emmanuel. Thus, since Elkin lacked standing to file a complaint for support, this action must be dismissed. Accordingly, we remand this action to the trial court directing that the order of support be vacated and the complaint for support be dismissed on the basis of lack of standing. We further direct that Mother be reimbursed any monies paid as a result of the existing support order.

¶ 12 We further note that even though Mother has the parental duty of supporting her child "until [her] child reaches 18 or graduates from high school, whichever event occurs later," *Blue v. Blue*, 532 Pa. 521, 529, 616 A.2d 628, 633 (1992), she does not have to be subjected to her child dictating how or to whom the support should be allocated. *See Oeler by Gross v. Oeler*, 527 Pa. 532, 534–36, 594 A.2d 649, 650 (1991) (holding that trial court properly terminated father's obligation to support his seventeen-year-old daughter, who refused to live with father, but instead chose to reside in her own apartment after her mother moved out of state, where daughter offered no justifi-

able reason for not living with her father; daughter only contended that her stepmother was "too neat" for her, and that she wanted to live closer to her friends).

¶ 13 In the present case, it is clear from reviewing the record that Mother is not refusing to support her son. She attempted to appease his desires to remain in the school of his choice and in doing so permitted him to live in her home in Marion Center. Mother's uncontradicted testimony revealed that she regularly provided money to him and traveled from Lancaster to Marion Center to ensure that he had food and necessaries. When the electricity was turned off due to unpaid bills, she not only rectified the condition but also requested that he come and live with her in Lancaster. She has provided evidence of enrollment at the local high school in Lancaster and is willing to provide housing, food and clothing for her son in Lancaster. Accordingly, based on the facts presented, we find that the son, either through Elkin or on his own accord, may not prevail in departing from Mother's home claiming attainment of majority and a desire to attend a certain high school, and then charge her with his support.[5] *Oeler, supra.*

¶ 14 Order reversed. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

---

4. The only other definition of "child" contained in Title 23 of Pennsylvania's Consolidated Statutes is found at 23 Pa.C.S.A. section 5501 (Chapter 55 is entitled "Liability for Tortious Acts of Children"). In that section "child" is also defined as "[a]n individual under 18 years of age."

5. Due to the disposition of Mother's first issue on appeal, we need not address Mother's remaining claim.