■ In the Matter of NANCY J. CONLEY, Respondent, v PATRICK G. CONLEY, Appellant. [651 NYS2d 802] —Order unanimously affirmed without costs. Memorandum: By stipulation incorporated but not merged into a judgment of divorce, respondent agreed to pay petitioner child support of $50 per week for their minor son. In July 1994 the child was adjudicated a juvenile delinquent and placed with the Division for Youth in a nonsecure residential facility for a period of 18 months. On September 1, 1994, respondent discontinued child support payments

and on September 22, 1994, petitioner commenced this proceeding seeking to enforce the child support provisions of the divorce judgment. Respondent cross-petitioned for a modification of the child support provisions of the divorce judgment on the ground that the child's placement with the Division for Youth terminated his obligation to pay child support. The Hearing Examiner granted the petition and denied the cross petition, and Family Court denied respondent's objections to the Hearing Examiner's order. We affirm.

We reject respondent's argument that the child is constructively emancipated. "[D]elinquent behavior of itself, even if unexplained or persistent, does not generally carry with it the termination of the duty of a parent to support" (*Matter of Roe v Doe,* 29 NY2d 188, 193). We reject respondent's further argument that petitioner is no longer eligible to receive child support because she is no longer the custodial parent, custody having been placed by order of Family Court in the Division for Youth. Although petitioner has temporarily lost custody of the child, she has not abdicated her parental role or responsibilities. Petitioner presented evidence that the goal of the placement with the Division for Youth is to reunite the child with his family and to integrate him back into society. Visitation between the child and his family is encouraged and, at the time of the hearing, the child was spending some weekends at home with petitioner. She is responsible for his transportation to and from the facility for visits and for all of his expenses during the visits. She also makes additional trips to the facility to visit the child and take him out to lunch or shopping. She provides him with spending money and various personal items, including a winter jacket. Petitioner continues to bear costs associated with the care of the child despite her temporary loss of custody and respondent should contribute to those costs.

Finally, we reject the argument of respondent that child support payments to petitioner should terminate because at some future date he may be expected to reimburse the Division for Youth for costs it incurred as a result of the child's placement, pursuant to Executive Law § 528 (1). Respondent is not presently under a reimbursement order nor did he present any evidence that such an order is being sought by the Division for Youth. Respondent should not be allowed to avoid his responsibility to pay child support based on the mere possibility that such an order might issue in the future. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Support.) Present— Green, J. P., Pine, Callahan, Doerr and Davis, JJ.