J-S08013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.P. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| T.M. | | |
| | Appellant | No. 1037 WDA 2015 |

Appeal from the Order dated June 11, 2015
In the Court of Common Pleas of Lawrence County
Domestic Relations at No: Case No. 420 of 2006, D.R. PACSES No.
607108347

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　　**FILED MAY 20, 2016**

In this child support matter, Appellant T.M. ("Father") appeals from the June 11, 2015 order of the Court of Common Pleas of Lawrence County ("trial court"), which, *inter alia*, assessed M.P. ("Mother") with a $1206.19 net monthly income, Father with a $2,363.50 net monthly income, and established Father's monthly support obligations for their minor daughter ("Child") (born in October 2002), as $760.48, including $224.84 in private school tuition, plus arrears.[1]  Upon review, we affirm in part, vacate in part and remand.

---

[1] Because this case affects a minor child, we have abbreviated the parties' names.

The facts and procedural history underlying this case are undisputed. On February 4, 2015, Mother filed a "Petition for Modification of an Existing Support Order" for Child, claiming only a change in her income. Mother sought to modify the trial court's January 15, 2013 order that assessed her with a net monthly earning capacity of $2,017.68, Father with a net monthly income of $2,433.93, and set Father's child support obligations at $630.59, which included a monthly payment of $137.20 for private school tuition.

On May 5, 2015, the trial court held a *de novo* hearing on Mother's modification petition, at which Mother argued that her actual earnings did not match the earning capacity assessed to her by the trial court in the January 15, 2013 order. Mother argued that she earned less because she worked fewer than 40 hours per week. Mother testified that she worked as a therapeutic staff specialist for Comprehensive Children and Family Services, providing one-on-one care to children for purposes of integrating them into various settings, including their school and their communities. N.T. Hearing, 5/5/15, at 7-8. Mother testified that she earned $12 per hour and worked about 26.25 hours per week with three clients. *Id.* at 9, 15. She testified that she picked up more hours when she filled in for other specialists. *Id.* at 10. Mother was paid bi-weekly. *Id.* at 43. Mother claimed that it was difficult for her to get more hours because of scheduling issues. *Id.* at 9-10. Mother testified that her income would be reduced in the summer when school was not in session. *Id.* at 12. Mother further testified that she had signed a non-compete agreement, which barred her

from seeking other employment in the mental health field. *Id.* at 20. Finally, Mother sought an increase in Father's contribution towards Child's schooling, because tuition for private school had increased. Mother testified that tuition for the private school was $4,400.00 per year. *Id.* at 22.

On cross-examination, Mother acknowledged that she was not seeking other employment to supplement her income. *Id.* at 31. Mother acknowledged that she had no physical incapacities that would limit her employment options. *Id.* at 40. Mother also acknowledged that the tuition for a second child at the private school was reduced by $650.00 and was thus $3,750.00 per year. *Id.* at 37. Following the hearing, the trial court assessed Mother with a $1206.19 net monthly income, Father with a $2,363.50 net monthly income, established Father's monthly support obligations for Child as $760.48, including $224.84 in private school tuition, plus arrears, and set Father's and Mother's liability for unreimbursed medical expenses in excess of $250.00 for Child at 66.21% and 33.79%, respectively. Father timely appealed to this Court.

Upon the trial court's direction, Father filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising four assertions of error. First, Father argued that the trial court's finding that Mother's net monthly income was $1206.19 was unsupported by the record. Second, Father argued that the trial court abused its discretion in determining that Mother established a substantial change in circumstances warranting a modification of her support obligations. In this regard, Father claimed that the trial court

- 3 -

failed to render any findings necessary to justify a deviation from Mother's assessed earning capacity of $2,017.68. Third, Father argued that the trial court abused its discretion in calculating his tuition payment for Child's private school, because the court did not take into account the amount of the discount offered to a second child. Fourth, Father argued that the trial court erred in calculating the percentage of each parent's liability for Child's unreimbursed medical expenses. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, addressing Father's assertions of error and concluding that they do not warrant any relief. Father timely appealed to this Court.

On appeal, Father repeats these four issues for our review.[2]

The standard of review of a trial court's decision in a support case is well-settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

---

[2] To the extent Father argues that the trial court erred in failing to order interim relief to Father, we decline to address this argument because it was not raised before the trial court or in Father's Rule 1925(b) statement. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

***Kimock v. Jones***, 47 A.3d 850, 853-54 (Pa. Super. 2012) (citations omitted).

Father first contends that the trial court's finding regarding Mother's net monthly income was not supported by the record. We disagree. The trial court based its calculation of Mother's net monthly income on Mother's uncontroverted testimony that she worked a total of 26.5 hours per week at a rate of $12.00 per hour. As the trial court explained:

> [Mother's] average gross monthly earning should be calculated by multiplying the sum of 26.5 hours per week times 4.3 weeks per month, resulting in [Mother] working 113.95 hours per month. At $12.00 per hour, [Mother's] average gross monthly wages total $1,367.40. Following application of the standard tax rates to the average gross monthly earning of $1,367.40, the [trial court] finds that [Mother's] average net earnings are $1,206.19 per month.

Trial Court Opinion, 4/14/16, at 3. Accordingly, Father is not due any relief on this issue.

Father next contends that the trial court abused its discretion in modifying Mother's support obligations because Mother failed to establish a change in circumstances sufficient to justify a deviation from her assessed earning capacity of $2017.68.

> It is settled that:
>
> [a]n award of support, once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a **material and substantial change** in their circumstances warranting a modification. ***See*** 23 Pa.C.S. § 4352(a); ***see also*** Pa.R.C.P. No. 1910.19. The burden of demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion.

*Summers v. Summers*, 35 A.3d 786, 789 (Pa. Super. 2012) (citations omitted) (emphasis added). A change in circumstances is considered substantial so as to warrant a modification when the change is "either irreversible or indefinite." *R.C. v. J.S.*, 957 A.2d 759, 763 (Pa. Super. 2008); *see Crawford v. Crawford*, 633 A.2d 155, 164 (Pa. Super. 1993) (noting that the change in circumstance must be permanent). "Where a party assumes a lower paying job or willfully fails to obtain appropriate employment, the support obligation is determined by his [or her] assessed earning capacity." *Baehr v. Baehr*, 889 A.2d 1240, 1245 (Pa. Super. 2005 (citation omitted). Stated differently, "[i]t is settled law that a party cannot voluntarily reduce his earnings in an attempt to circumvent his support obligation." *Woskob v. Woskob*, 843 A.2d 1247, 1254 (Pa. Super. 2004).

Instantly, the trial court based its decision to modify Mother's support obligations on the fact that she was unable to secure more hours at her current job and that she had a non-compete agreement with her employer prohibiting her from seeking other employment in the same field. This, however, is insufficient under the law to establish a material and substantial change in circumstance. As our review of the hearing transcript reveals, Mother testified only about her existing employment situation without putting it into context vis-à-vis her circumstances at the time of the January 15, 2013 support order. Mother did not testify whether she worked at the time of the support order on January 15, 2013 or, if she did work, what her job was or entailed. Similarly, Mother did not testify about whether her

existing job was different from the job she might have had in January 2013. If she switched employment, Mother did not provide a reason for doing so. Assuming Mother's existing job was different, Mother did not provide any evidence to indicate why she chose to accept the current job, earnings from which fell below her earning capacity, or why she signed the non-compete agreement, a copy of which was not introduced or admitted into evidence. Further, the record is bereft of any indication that Mother's existing situation was triggered by disability, illness or other compelling reason beyond her control. We also are unable to tell from the record whether Mother is attempting to re-litigate the January 15, 2013 support order, or if she truly is arguing that her circumstances have changed since that time. Because Mother failed to develop adequately a record to establish that her changed circumstances were material, substantial and not voluntary, the trial court abused its discretion in modifying her support obligations.

Given our conclusion that the trial court abused its discretion in modifying Mother's support obligations, we are unable to address Father's third and fourth issues on appeal and, as a result, direct the trial court to re-calculate the parents' tuition obligations and liability for unreimbursed medical expenses.

In sum, we affirm the trial court order to the extent it properly calculated Mother's actual monthly net earnings, vacate it to the extent it modified Mother's support obligations and remand for further proceedings consistent with this Memorandum.

Affirmed in part. Vacated in part. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016