J-A23042-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| ERIC JOHN ASKINS | IN THE SUPERIOR COURT |
| Appellee | OF PENNSYLVANIA |
| v. | |
| LISA ANN DAVISON | |
| Appellant | No. 1487 WDA 2017 |

Appeal from the Order Entered September 12, 2017
In the Court of Common Pleas of Erie County
Domestic Relations at No.: NS200901183

BEFORE:  BOWES, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                FILED DECEMBER 31, 2018

Appellant Lisa Ann Davison ("Mother") appeals pro se from the September 12, 2017 order entered in the Court of Common Pleas of Erie County ("trial court"), which denied her petition for modification of existing child support obligations.  Upon review, we vacate and remand.

The facts and procedural history of this case are tortured, yet undisputed.[1]  On December 15, 2011, Eric John Askins ("Father") filed a complaint for support of the parties' minor child.  Following a support conference and a de novo hearing, an April 23, 2012 order established Mother's monthly support obligation at $649.11, plus $90.00 for arrears.

_____

[1] Unless otherwise noted, these facts come from the December 10, 2015, December 19, 2016, and November 20, 2017 opinions issued by the trial court.  See Trial Court Opinions, 12/10/15, 12/19/16, and 11/20/17.

Mother appealed. This Court dismissed Mother's appeal on January 18, 2013. See Davison v. Askins, 64 A.3d 282 (Pa. Super. 2013).

Nonetheless, while her appeal was pending, Mother, on October 26, 2012, filed a petition for modification requesting suspension of the child support order, claiming that "[Mother] is currently unable to work." Following a conference, the conference officer issued a December 17, 2012 summary of trier of fact indicating:

> [Mother] stated that her short term disability benefits were terminated as of [November 27, 2012] as [she] was released from a physician to return to work under restrictions. [Mother] further stated that a different physician has told her otherwise as she still claims to be unable to work. However, no documentation was presented that states [Mother] is unable to work. [Father] is not in agreement to suspend the order.

Upon recommendation of the conference officer, on December 17, 2012, the trial court entered an interim order maintaining Mother's monthly child support obligation at $649.11, plus arrears. Mother filed a demand for a de novo hearing, alleging that her income is an issue because she is unable to work due to medical reasons. Following a de novo hearing, the trial court, on February 5, 2013, issued an order making the December 17, 2012 order a final order. Mother did not file an appeal.

One month later, on March 4, 2013, Mother filed a petition for modification of an existing support order requesting suspension of her support obligation as "she is currently under doctors care and unable to work." On March 28, 2013, a consent order was entered suspending Mother's support

obligation, effective March 4, 2013. Mother's support obligation remained suspended through December 31, 2013. Effective January 1, 2014, Mother was to pay $89.60 in monthly child support.

Mother, on March 28, 2014, filed another petition for modification of an existing support order requesting that the trial court terminate her support obligation. Following a support conference and a de novo hearing, the trial court, on September 11, 2014, issued an order maintaining Mother's monthly support obligation at $89.60, plus $20.10 for arrears. Mother appealed to this Court. In its Pa.R.A.P. 1925(a) opinion, the trial court explained its reason for denying Mother's petition.

> At the September 11, 2014 de novo hearing, Mother asserted that the child support order should be terminated as she is medically unable to work as the result of an accident for which she is still under a physician's care. Mother did not, however, present any evidence in support of her position. To the contrary, Mother testified that she was released by her physician to return to work, with restrictions, in November of 2012. She further declared that she was fully active. Moreover, Mother testified that she was three times denied disability through her employer. For the foregoing reasons, Mother did not meet her burden of demonstrating a material and substantial change in circumstances warranting the requested termination of support.

Trial Court Opinion, 11/26/14, at 4. Ultimately, this Court dismissed Mother's appeal for failure to file a brief. See Atkins v. Davison, No. 1690 WDA 2014 (Pa. Super. filed May 28, 2015).

While Mother's appeal was pending, on November 24, 2014, Father filed a petition for modification alleging that Mother had returned to work and requesting an increase in child support. Following a support conference, the

trial court issued an order on January 22, 2015 setting Father's monthly net income at $4,674.69, Mother's monthly net income at $3,818.96 and ordering Mother to pay the guideline monthly support amount of $610.63, plus $92.50 for arrears. Neither party filed a demand for a hearing. Accordingly, the trial court's January 22, 2015 order became a final order.

Less than six months later, on July 17, 2015, Mother filed yet another petition for modification of an existing support order requesting a decrease in, or suspension of, her child support obligation alleging that "she is unable to work due to injury from car accident and short term disability has been denied." On October 22, 2015, the trial court conducted a de novo hearing. At the hearing, Mother sought reduction of her support obligation due to injuries from a February 26, 2015 motor vehicle accident. Following the hearing, on October 22, 2015, the trial court issued an order denying modification of Mother's support obligation and maintaining the order at $610.63, plus arrears. Mother appealed to this Court. In its December 10, 2015 Rule 1925(a) opinion, the trial court set forth its reasons for denying Mother's modification request.

> Mother's testimony was her only evidence. She did not present any medical evidence, witness testimony or any proof to support her self-proclaimed disability. Moreover, her testimony contradicts her position. First, but for taking periodic vacation time, Mother continued to work after the accident. Moreover, she "forgot" to see a doctor until her insurance company reminded her that she needed to visit a physician. Furthermore, she was denied disability by her employer.
>
> Meanwhile, [Father], who like Mother is employed by GE Transportation System, testified that Mother worked from the

time of her accident until May 11, 2015. Furthermore, Father witnessed Mother participating in Tae Kwon Do. Father even documented Mother's September 30, 2015 and October 21, 2015 participation in this activity via photographs. See Exhibits A, B, and C. Father observed Mother hopping, kicking and crawling at the Tae Kwon Do sessions.

Accordingly, th[e trial court] did not find any evidence to support Mother's claim that injuries from her February automobile accident impede her ability to maintain her employment. In that respect, Mother did not meet her burden of proof to show a material and substantial change of circumstances. As Mother has a job, which she simply fails to work, the [trial court] found it appropriate to continue with her support obligation based upon the earnings she would actually make if she showed up for work.

Trial Court Opinion, 12/10/15, at 3-4. On January 12, 2017, a panel of this Court affirmed the trial court's denial of Mother's petition to modify her existing child support obligations. Askins v. Davison, 160 A.3d 253 (Pa. Super. 2017) (unpublished memorandum).

On June 30, 2016, during the pendency of her appeal from the aforementioned October 22, 2015 denial of her modification petition, Mother filed another petition for modification of existing child support obligations, arguing that her support obligation be suspended because "she has been notified she does not have a job to return to once released from medical leave." Following a conference, on August 16, 2016, the trial court issued an interim order denying Mother's petition. Mother filed a demand for a hearing. The trial court held a de novo hearing, following which it issued an order on October 5, 2016 making the August 16, 2016 interim order a final order. Mother once again appealed to this Court. In its Rule 1925(a) opinion,

the trial court explained that it had declined to rule on Mother's allegation that she was unable to work because the trial court previously had resolved that issue on October 22, 2015 and the issue was then pending on appeal before this Court. The trial court further explained that it limited its decision to determining whether Mother had a job with GE. The trial court reasoned:

> Mother, however, further asserts that even if she were able to work that she no longer has a job with GE. In support of her position, she presented two separate letters, dated August 22, 2016 and October 3, 2016, both signed by Beth Robinson on GE Transportation letterhead and both providing:
>
> As of today, due to a permanent lack of work, [Mother] does not have a job placement opportunity within the Lack of Work Procedure. If she were to be released to return to work, she would be placed on a recall list for five years from her last day of work.
>
> See Exhibits B and C. Mother presented no evidence to further explain the details of the letters, the "Lack of Work Procedure," or whether her absence from work for over a year had anything to do with her employment status. Regardless, under the facts specific to this case, such a letter does not demonstrate a change in circumstance. Due to her self-proclaimed inability to work, Mother was not working at the time of entry of the last support order. Had Mother been working, as [the trial court] has repeatedly determined she was able to do, "lack of work" determination from her employer may be relevant to consider whether Mother experienced an involuntary reduction in income. As Mother has not worked since May of 2015 due to unsupported claims of inability to work, however, [the trial court] does not view the GE letter as a change in circumstances. Further, Mother offered no evidence of any effort to mitigate her lost income. She merely testified that she would either have to go back to school or move out of state in order to make child support payments at the assessed earning capability.
>
> Accordingly, Mother did not meet her burden of demonstrating the occurrence of a material and substantial change in circumstances[.]

Trial Court Opinion, 12/19/16, at 7-8. On November 9, 2017, relying on the trial court's December 19, 2016 opinion, a panel of this Court affirmed the trial court's October 5, 2016 order denying Mother's modification petition. Askins v. Davison, 181 A.3d 396 (Pa. Super. 2017) (unpublished memorandum).

On June 9, 2017, as her appeal from the trial court's October 5, 2016 order was pending in this Court, Mother filed the instant petition for modification of an existing support order requesting a decrease in her support obligation "as it is not affordable." Following a support conference, on July 12, 2017, the trial court issued an interim order maintaining Mother's support obligation at $610.63 per month, plus arrears. On August 2, 2017, Mother filed a demand for a court hearing, wherein she listed her reasons for disagreeing with the interim support order as follows: "change of earning capacity, current wages to be assessed for support. They misinformed/false information of Plaintiff and Conference Officer to the judgement of the outcome of support decision, addition that order fails to mention 50/50 custody w/ summer schedule."[2] Demand for Court Hearing, 8/2/17. On September 6, 2017, the trial court conducted a de novo hearing. The trial court, however, did not permit Mother to present her

_____

[2] On the same day, Mother filed another petition for modification of existing support obligations, requesting that her support obligations be decreased based on additional employment and earning capacity. On August 25, 2017, however, Mother withdrew the August 2, 2017 modification petition.

case or any evidence at the hearing, ruling that it lacked jurisdiction to entertain Mother's June 9, 2017 modification petition.[3] On September 12, 2017, the trial court issued an order making the July 12, 2017 interim order a final order, concluding that "the court lacks jurisdiction while this case is pending Superior Court." Mother timely appealed. The trial court directed Mother to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Mother complied, raising six assertions of error as follows:

> 1. That the [c]ourt erred in determining that [Mother's] claim was without merit.
>
> 2. That the [c]ourt erred in dismissing the case all together as the jurisdiction was still in Erie County Court pertaining to the earning capacity and 50/50 custody for summer schedule and not in the jurisdiction of the PA Superior Court as it was stated at the time of the trial from the [c]ourt.
>
> 3. That the [c]ourt erred in holding [Mother] by law at an earning capacity of wages from a prior employment ending in 2015 (General Electric) that has not and is not obtainable at this time. In conjunction to the orders dated from 9/2/15 and de novo hearing held on 10/22/15 and continued into 2016 to current (2017). When by law this [c]ourt had the capability to review and change it to reasonable earning capacity that is obtainable in Erie County.
>
> 4. That the [c]ourt erred in affirming and holding a decision of biasness granted from the [c]ourt itself and past [c]onference

_____

[3] The hearing transcript reveals:

> [Mother]: I went to – I have went – I – I have got released by the doctor with restrictions and I turned around and went to work part-time. And I went down to modify the order due to the fact of Exhibits A, B and C.
>
> The [trial court]: No. Don't give those to me. And listen to me, you have a pending appeal in the Superior Court. This is your second appeal. As long as the appeal is pending, this [c]ourt does not have jurisdiction to hear your case.

N.T. Hearing, 9/6/17, at 4-5 (emphasis added).

officer's belief differences and non-correlating past and present experiences.

5. That the [c]ourt erred in not reviewing the calculating of the support and adjusting appropriate reduction/modification in the support order.

6. That the [c]ourt erred in failing to see the truth in reasoning behind the support matters of [Father's] way of seeking revenge and payment after custody trial in 2009 and principle to regain attorneys fees from previous proceedings and not being able to purchase his oldest son a vehicle.

Mother's Rule 1925(b) Statement, 10/31/17, at 1.. In response, the trial court issued a Rue 1925(a) opinion, concluding that Mother's assertions of error do not merit relief.

On appeal, Mother repeats the same issues. The standard of review of a trial court's decision in a support case is well-settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

Kimock v. Jones, 47 A.3d 850, 853-54 (Pa. Super. 2012) (citations omitted). Simply put, "[t]he amount of a support order is largely within the discretion of the trial court." Portugal v. Portugal, 798 A.2d 246, 249 (Pa. Super. 2002). Moreover, it also is settled that:

> [a]n award of support, once in effect, may be modified via petition at any time, provided that the petitioning party demonstrates a

material and substantial change in their circumstances warranting a modification. See 23 Pa.C.S. § 4352(a); see also Pa.R.C.P. No. 1910.19. The burden of demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion.

Summers v. Summers, 35 A.3d 786, 789 (Pa. Super. 2012) (citations omitted) (emphasis added). A change in circumstances is considered substantial so as to warrant a modification when the change is "either irreversible or indefinite." R.C. v. J.S., 957 A.2d 759, 763 (Pa. Super. 2008); see Crawford v. Crawford, 633 A.2d 155, 164 (Pa. Super. 1993) (noting that the change in circumstance must be permanent). "Where a party assumes a lower paying job or willfully fails to obtain appropriate employment, the support obligation is determined by his [or her] assessed earning capacity." Baehr v. Baehr, 889 A.2d 1240, 1245 (Pa. Super. 2005) (citation omitted). Stated differently, "[i]t is settled law that a party cannot voluntarily reduce his earnings in an attempt to circumvent his support obligation." Woskob v. Woskob, 843 A.2d 1247, 1254 (Pa. Super. 2004).

Instantly, as stated earlier, the trial court denied Mother's June 9, 2017 modification petition because it concluded that the issue raised in that petition was identical to the issue then pending on appeal before this Court. As a result, the trial court reasoned it lacked jurisdiction. Thus, our review here is limited necessarily to determining whether the trial court's denial of Mother's modification petition for want of jurisdiction was in error.

Contrary to the trial court's conclusion, we find that the issue raised in Mother's June 9, 2017 modification petition and the issue then pending on appeal before this Court from the trial court's October 5, 2016 order were dissimilar. The issue on appeal challenged the trial court's denial of Mother's modification petition, wherein she sought suspension of her support obligation alleging that she would not have a job once released from medical leave. In her June 9, 2017 modification petition, however, Mother sought a decrease in her support obligations claiming she could not afford them. Moreover, our review of the record also reveals that Mother alleged a change in her earning capacity. Accordingly, we conclude that the trial court erred in denying Mother's modification petition for lack of jurisdiction.

Because the issue giving rise to this appeal was not identical to the issue then pending on appeal, we remand this case to the trial court with instruction to conduct a de novo hearing to allow Mother an opportunity to present evidence in support of her petition to modify existing child support obligations.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2018

- 11 -