**Nahed SEDER, Appellee,**

v.

**Alia SEDER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 18, 2003.

Filed Jan. 22, 2004.

Joseph M. Joseph, Hermitage, for appellant.

Before: LALLY–GREEN, TODD and TAMILIA, JJ.

TAMILIA, J.

¶ 1 Mother appeals from the January 3, 2003, Order, as amended by the February 20, 2003, Order, requiring her to pay child support in the amount of $378.71 per month. The funds are to be paid into an escrow account and to be distributed at a later date, i.e., when the parties' minor child is returned to father in this country.

¶ 2 The trial court set forth the underlying facts and procedure as follows:

Plaintiff and defendant are Jordanian nationals, married and parents of a minor daughter. They separated during the Spring of 2002. On June 16, 2000, at No. 2000–1957, Court of Common Pleas of Mercer County, Pennsylvania, an order was entered by agreement giving defendant/natural mother temporary primary physical custody of the child and plaintiff/natural father temporary partial physical custody.

Sometime thereafter, defendant returned to Jordan with the child. The two of them have remained there ever since.

On February 2, 2001, plaintiff filed a Motion for Special Relief and a Motion for Contempt seeking return of the child. A hearing on that motion was held on March 30, 2001. Defendant was found in contempt of the June 11, 2000, order and Plaintiff was awarded primary physical and legal custody of the child at the conclusion of that hearing.

On April 16, 2001, plaintiff filed an action for child support at this term and number. A hearing was held before a hearing officer. Pursuant to the hearing officer's recommendation, an order was entered on June 14, 2001, denying plaintiff child support on the grounds he did not have actual physical custody of the child.

Plaintiff filed a timely appeal from said order. Following a number of continuances requested by counsel, a de novo hearing was held on January 10, 2002. This Court ruled at the conclusion of that hearing that plaintiff was entitled to receive child support and referred the matter back to the hearing officer to calculate the amount of support due.

The conference was held on February 6, 2002. An order was entered that same date awarding plaintiff child support in the sum of $328.71 per month.

That same date, defendant filed a motion seeking reconsideration of the Order of January 10, 2002. The request was granted and a hearing on that motion was scheduled for February 27, 2002. The hearing on the Motion for Reconsideration was moved to April 23, 2002, when it was learned counsel for the plaintiff had not received notice of the hearing. In the Order moving the

hearing, this Court specifically granted reconsideration for purposes of appeal.

On February 15, 2002, defendant filed an appeal from the Order of February 6, 2002. The hearing de novo was scheduled for April 23, 2002.

A contempt hearing was held on March 7, 2002, at the custody term and number as a result of the defendant's continuing failure to return the child to the plaintiff. Defendant was found in contempt and fined $100.00 per month until the child was returned.

At the request of plaintiff's counsel and with the consent of defendant's counsel the hearing for reconsideration and the hearing de novo was continued to December 23, 2002, because both parties were in Jordan.

Following the hearing on December 23, 2002, this court dismissed defendant's demand and reaffirmed the Order of February 6, 2002. This appeal followed.

Trial Court Opinion, Dobson, J., 2/26/03, at 1–4.

¶ 3 Appellant raises two issues on appeal.

Whether the trial court below committed an error of law or abused its discretion by awarding a parent of a minor child, child support, on the basis that the parent has an Order awarding him primary physical custody even though that the parent in possession of the court Order does not have actual physical custody of the minor child and is not caring for the minor child?

Whether the trial court below committed an error of law or abused its discretion in ordering child support to be placed in escrow and the court reserving the right to determine how to distribute

monies to the parties involved at a time in the future?

Appellant's brief at 3.

¶ 4 At oral argument before this court on September 18, 2003, it was revealed mother did not request that counsel file an appeal. In fact, mother had not been in contact with counsel for quite some time. Counsel told this Court he filed an appeal because this is an issue about which he feels strongly.

 ¶ 5 The critical question is whether counsel may file an appeal on behalf of an aggrieved party/client when it is undisputed the client has not authorized the appeal. We conclude he may not. We recognize counsel probably had a good reason for filing on behalf of his client. Without disparaging counsel or his motivation, however, we find an appeal may not proceed without at least the tacit approval of the client. Mother would not prevail, however, in any event.

¶ 6 Our general standard of appellate review in child support matters is an abuse of discretion standard. *Bowser v. Blom,* 569 Pa. 609, 615, 807 A.2d 830, 834 (Pa. 2002). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence of record. *Id.,* at 615–616, 807 A.2d at 834.

 ¶ 7 Counsel complains the trial court awarded father child support based only upon father's possession of a court Order designating him primary physical custodian. Counsel says the trial court disregarded the 1997 amendment to 23 Pa.C.S.A. § 4341, **Commencement of support actions or proceedings,** (b) **Standing,** which provides

*Any person caring for a child* shall have standing to commence or continue an action for support of that child regardless of whether a court order has been issued granting that person custody of the child.

(Emphasis supplied). Instead, he claims the trial court erroneously relied upon *Larson v. Diveglia,* 549 Pa. 118, 700 A.2d 931 (1997), which he claims was overruled by the subsequent amendment to Section 4341, and in which our Supreme Court held only a person with an Order granting legal or physical custody has standing to bring an action for child support. The *Larson* Court based its conclusions upon Pa.R.C.P.1910.3 and 1915.1.

¶ 8 Rule 1910.3, **Parties** (b), provides

An action shall be brought on behalf of a minor child by a person having custody of the child, without appointment as guardian ad litem . . .

"Custody" is defined as

the legal right to keep, control, guard, care for and preserve a child and includes the terms "legal custody," "physical custody," and "shared custody[.]"

Pa.R.C.P.1915.1 **Scope. Definitions**.

¶ 9 This Court has recognized but not resolved the apparent conflict between Rule 1910.3, and the standing provision of 23 Pa.C.S.A. § 4341. *Elkin v. Williams,* 755 A.2d 695, 698 (Pa.Super.2000). We do not believe the plain language of Section 4341(b) precludes standing under Rule 1910.3. Section 4341(b) does not state that *only* persons caring for children have standing to pursue an action for child support. We find this apparent conflict can easily be resolved by finding the amendment to Section 4341 enlarges the population that has standing to pursue an action for child support, by conferring standing on a party actually caring for a child but without a court Order granting custody to the party, but does not preclude standing under Rule 1910.3(b) pursuant to which parties with a legal right to custody have standing.

¶ 10 Were we to find otherwise, we would reach the absurd result that mother, who has acted in defiance of a court Order granting custody to father, has standing to pursue child support since she is actually caring for the child, but father, who has a legal right to custody of the child and who would be actually caring for the child but for mother's acts in violation of a court Order, lacks standing to do so. Instead, we agree with the trial court which concluded father had standing to seek child support pursuant to Rule 1910.3 since he was granted primary legal and custody of the child on March 30, 2001, an Order which has not been amended.

¶ 11 We also agree with the trial court's rationale in its decision to award support to father. It reasoned the purpose of child support is to promote the child's best interest. *Elkin, supra,* at 697. The court determined an award of custody to father was in the child's best interests, and therefore father's attempts to regain custody of his daughter are in her best interest. Those efforts are expensive. Moreover, father maintains a home for his daughter in the hopes mother ultimately will comply with the court's Order. Funds spent in these efforts, as with funds retained by father for the daughter's benefit, do, in fact, promote the daughter's best interest.

¶ 12 We cannot find the trial court committed an error. Moreover, we refuse to set a precedent by which parents who wish to avoid child support obligations wrongfully can keep a child from the legal custodian. We agree wholly with the trial court who stated: "The precedent it would set would be unconscionable. It would permit any parent, who did not want to pay sup-

port, to avoid doing so by kidnapping the child. That is not a message I believe should be sent to the general public." Trial Court Opinion at 7. We would add that the problem of kidnapping children by parents who retain dual citizenship in countries of the Middle East, defeats any effort through reciprocal law, international recognition of custody orders or diplomacy to provide a rational resolution of these cases which is in the child's best interest. We are therefore compelled to use laws and procedures of our custody, rapport and contempt practice to effectuate a counteraction to the illegal and contemptuous behavior of parents and foreign governments which have no respect for our due process and condone kidnapping.

¶ 13 Appellant also complains the trial court erred in reserving the right to determine at a later date how to distribute the funds in escrow. The trial court noted in its Opinion pursuant to 1925(b),[1] it added this provision as an accommodation to the mother. Trial Court Opinion at note 3. Since counsel opposes it, the trial court recommends that the provision be stricken. Appellee is not opposed to funds being paid directly to him which he will hold for the benefit of their daughter. Accordingly, we vacate this specific portion of the Order.

¶ 14 Order affirmed in part and vacated in part.

¶ 15 TODD, J., concurs in the result.

---

1. Pa.R.A.P.1925, **Opinion in Support of Order,** (b) **Direction to file statement of matters** complained of.