J-A12021-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| M. R. D., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| L. R. D., | : | |
| | : | |
| Appellee | : | No. 1741 MDA 2014 |

Appeal from the Order entered September 23, 2014,
Court of Common Pleas, Cumberland County,
Domestic Relations at No(s): 00046 S 2014 and 00076 S 2014

BEFORE:  BOWES, DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MAY 08, 2015**

M.R.D. ("Father") appeals *pro se* from the order of court denying his exceptions to the hearing officer's report and recommendations and adopting the hearing officer's recommendations as a final order.  Following our review, we affirm.

Father and L.R.D. ("Mother") married in 1999 and divorced in 2010. They are the parents of two minor children.  As part of the parties' marital settlement agreement, they agreed to a rotating three-week custody schedule, during which the parties' custodial time with the children varied, but in all instances, Father had custody of the children for the majority of the time.  On January 6, 2014, Mother filed a custody complaint and a conciliation was scheduled for February 12, 2014.  On January 8, 2014, the parties agreed to try a new custodial arrangement for a two-week period.

This arrangement provided that Mother would have custody of the children from Sunday evening until Wednesday morning and Father would have custody from Wednesday afternoon until Sunday evening. On January 25, 2014, Mother received a telephone call from the children, in which they told her that Father had left them home alone and asked her to come get them. Mother did so, and the children remained primarily in her custody until the custody conciliation. At the conciliation, the parties were unable to agree to a custody arrangement, and so, at the conciliator's recommendation, a schedule was implemented in which they each have the children for seven overnights in a two-week period. This custody arrangement became effective as of February 17, 2014. *See* Trial Court Order, 2/25/14.

With that background, we turn to the child support actions that underlie this appeal. On January 17, 2014, within days of Mother filing her custody complaint, Father filed a complaint seeking child support. On January 30, 2014, after Mother removed the children from Father's house, she filed a petition for child support. After the initial support conference, the parties sought a hearing *de novo* before the support master. This hearing occurred on May 6, 2014. On May 9, 2014, the master filed his report and recommendation and an interim order in conformance therewith was entered on that date. Of relevance to this appeal, the master found that as the parent with the greater income, Husband was the obligor for purposes of child support and recommended that Husband's obligation be set at $1276

per month for the period of February 1 – February 16, 2014 and then reduced to $814 per month from February 17, 2014, forward. Support Master's Report and Recommendation, 5/9/14, at 3. Father filed exceptions to the master's recommendations, which the trial court denied. This timely appeal followed.

Father presents two issues on appeal.[1] We review these mindful of our standard of review, which provides as follows:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**K.J.P. v. R.A.P**., 68 A.3d 974, 978 (Pa. Super. 2013) (citation omitted).

In his first issue, Father argues that the trial court "improperly awarded Mother support for a period when she wrongfully took and withheld the parties' children from Father's custody contrary to the parties written custody agreement." Father's Brief at 11. Father is referring to the period

---

[1] Although Father presents three issues in his statement of questions presented, Father's Brief at 1-2, he sets forth only two issues in the argument section of his brief. **See id.** at 10-29.

between January 25, 2014, when Mother picked the children up from Father's home, and February 16, 2014. Father cites **Seder v. Seder**, 841 A.2d 1074 (Pa. Super. 2004), in support of his position that Mother was not entitled to support during this period because she was in violation of their custody agreement.

The trial court rejected this argument upon finding that there was no custody agreement in effect between the parties during this period. Trial Court Opinion, 9/16/14, at 2-3. We find no error in this determination. Mother testified that on January 8, 2014, she and Father agreed to try Father's proposed custody schedule for two weeks. N.T., 5/6/14, at 18. The two-week period had lapsed when Mother picked up the children on January 25, 2014, and at that time Mother was of the belief that their agreement had expired. *Id.* at 19.[2] This evidence supports that trial court's finding. As this finding undermines the very foundation of Father's argument, he is due no relief.[3]

_____

[2] Notably, at the hearing Father did not dispute that the parties agreed to his proposed custody schedule for a limited period of time, but appeared to take the position that because they did not explicitly agree to other custody terms, their agreement continued to be in effect. N.T., 5/6/14, at 22, 33.

[3] Father contends that this conclusion by the trial court overlooks the parties' prior custody agreement, memorialized in their marital settlement agreement. Father's Brief at 16. To the extent that Father is now arguing that the parties reverted back to the terms of their prior custody agreement at the conclusion of the two-week period, he cites no evidence that the parties intended that this would occur, and our review of the record reveals none. Furthermore, Father includes argument regarding a credit of $444 to

Father next argues that trial court erred in the calculation of his child support obligation. Father alleges multiple errors, and begins by assailing the trial court's determination that he is obligated to pay child support. According to Father, he is the primary custodian of the children and therefore not required to pay child support to Mother. Father's Brief at 19-20. Again, we conclude that the foundation of Father's argument is faulty.

Both parents have a duty to support their children. **Portugal v. Portugal**, 798 A.2d 246, 249-50 (Pa. Super. 2002) ("Child support is a shared responsibility requiring both parents to contribute to the support of their children in accordance with their relative incomes and ability to pay."). The law governing child support actions recognizes that a primary custodian will bear most of the expenses related to the children simply by virtue of having custody of the children for the majority of the time, but where the parties substantially share custody of the children, these expenses will be born in a more equal manner. **See Riley v. Foley**, 783 A.2d 807, 814 (Pa. Super. 2001). In recognition of this, the rules governing child support provide that "[i]n general, the party who has primary custody of the children shall be the obligee of a child support order[,]" and further that "[w]hen the parties share custody of the children equally, the party with the higher

_____

which he believes he was entitled in this portion of his brief. Father did not raise this issue in his statement of questions involved, and so it has been waived. **See Cobbs v. SEPTA**, 985 A.2d 249, 256 (Pa. Super. 2009) (holding that issue was not explicitly raised in statement of the questions involved is waived).

income shall be the obligor as provided by Rule 1910.16-4(c)(2)." Pa.R.C.P. 1910.3(b)(1),(2). Rule 1910.16-4(c), which provides for reduction of a support obligation where the obligor has substantial custody of the children, explicitly states that calculation of the amount of time the children spend with the obligor "shall be determined by the number of overnights they spend during the year with the obligor." Pa.R.C.P. 1910.16-4(c)(1). The custody order in effect at the time this support order was entered provided that the parties had precisely the same number of overnights; neither party was awarded "majority custody," as Father calls it, *see* Father's Brief at 20, and so the premise of his argument fails. As the parties share custody of the children equally and Father has the higher income,[4] pursuant to Pa.R.C.P. 1910.3(b)(2), Father is the child support obligor.

Father also argues that the trial court should have used a different formula to calculate the amount of his child support obligation; specifically, Father suggests two alternative methods that he believes would yield a more just result. Father's Brief at 21-28. We need not consider the intricacies of Father's proposed mathematics. Our law provides that trial courts will use the formula set forth in Pa.R.C.P. 1910-16-4(a) to calculate the amount of a child support obligation. Pa.R.C.P. 1910-16-4(a) ("The following formula **shall** he used to calculate the obligor's share of basic child support … .")

---

[4] The parties stipulated that Father has a higher income than Mother. N.T., 5/6/14, at 4.

- 6 -

(emphasis added). The trial court was not free to use any other formulation to calculate the amount of child support and, ultimately, the amount of Father's obligation. This claim fails, as well.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015