J-A07004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.T., | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | Appellee | |
| | v. | |
| K.T., | | |
| | Appellant | No. 554 WDA 2015 |

Appeal from the Order March 3, 2015
In the Court of Common Pleas of Lawrence County
Civil Division at No(s): 271 of 2009 D.R.

| | | |
|---|---|---|
| H.T., | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | Appellee | |
| | v. | |
| K.T., | | |
| | Appellant | No. 615 WDA 2015 |

Appeal from the Order March 3, 2015
In the Court of Common Pleas of Lawrence County
Civil Division at No(s): 271 of 2009 D.R.

BEFORE:  BOWES, MUNDY AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

K.T. ("Father") appeals from the March 3, 2015 orders that (1) confirmed the standing of H.T. ("Mother") to seek child support and awarded her retroactive support of $924.76 per month between May 2, 2014 and January 12, 2015, whereupon the monthly payment increased to $1,147.30;

and (2) denied Father's petition for damages seeking counsel fees as sanctions for Mother's alleged obdurate conduct. We affirm.

Mother and Father married on December 31, 1999, separated on June 1, 2004, and divorced on August 30, 2013. One child, C.T., was born of the marriage. The trial court succinctly summarized the relevant procedural history of this bitterly contentious litigation concerning the financial support and physical custody of C.T. as follows:

> From March 2011 until October 1, 2013, the parties shared physical custody of the child on a 50/50 basis and Father was granted the shared custody deviation in the support matter. Shortly after the October 1, 2013 custody order was entered which gave Mother primary physical custody, the child began running away from Mother's home to Father's home. By January 1, 2014, despite the October 1, 2013 order, the child no longer stayed at the Mother's home. The October 1, 2013 custody Order was appealed by Father and the Superior Court affirmed the October 1, 2013 order.[1] Subsequent to the Superior Court affirmance, both parties filed petitions to modify the October 1, 2013 Custody order and cross-petitions for contempt. A lengthy subsequent custody trial was held. During the pendency of the trial, Father filed the within Petition to Modify Child Support, taking the position that he does not have a support obligation to Mother for the time period that he has had sole physical custody, and that Mother has an absolute obligation to pay support to Father. At the October 23, 2014 *de novo* [child support] hearing, the court issued an order that date directing that a decision in this case would be deferred until the completion of the pending proceedings in the related custody dispute between the parties at case No. 11297 of 2006, . . . as the Court findings in that case will impact the issue in this case relative to the effect of Father having the actual physical custody of the child since December of 2013.

---

[1] ***K.T. v. H.T.***, 104 A.3d 67 (Pa.Super. 2014) (unpublished memorandum).

Trial Court Opinion, 5/26/15, at 2-3.

On February 27, 2015, the trial court reaffirmed Mother's sole legal and primary physical custody of C.T., and found Father in contempt for exercising legal custody in violation of the prior custody order. Father appealed, and the trial court issued a thorough ninety-one-page opinion explaining its custody decision, which we subsequently adopted as our own in affirming the February 2015 custody order. *See K.T. v. H.T.*, 134 A.3d 101 (Pa.Super. 2015) (unpublished memorandum). As it relates to the instant child support case, the trial court found that Father's protracted campaign of alienating C.T. against Mother nurtured his son's refusal to follow the custody arrangement and resulted in Mother's inability to effectuate her custody rights.[2] *Id*. at attached Trial Court Opinion at 83-86. Notwithstanding the trial court's explicit finding that Father alienated C.T. against Mother, it denied Mother's contempt petition relating to physical

_____

[2] The trial court granted Mother special relief in fashioning the custody order so that she could exercise her custody rights without reliance upon Father's assistance with having C.T. comply with the custody arrangement. Specifically, paragraph sixteen of the February 2015 custody order authorized law enforcement and/or child protective services to return C.T. to Mother if he absconded while in her physical custody. We rejected Father's challenge to this provision, *K.T. v. H.T.*, 134 A.3d 101 (Pa.Super. 2015) (unpublished memorandum), and after an episode where C.T. refused to remain in Mother's custody, he was adjudicated dependent pursuant to 42 Pa.C.S. § 6302(6), relating to a child that is habitually disobedient and ungovernable. We affirmed. *See In The Interest of C.T.* 1076 WDA 2015 (Pa.Super. 2016) (unpublished memorandum filed January 6, 2016).

custody noting that "the specific allegations of [Mother's contempt] petition are either too general and vague or were unproven." *Id*. at 89.

Meanwhile, as it relates to the second issue that Father levels on appeal, on October 23, 2014, the parties discussed Father's unresolved petition for damages that he initially filed in August of 2012, but which remained open due to the case being reassigned repeatedly among three trial courts. During that hearing, Father stipulated that the record was closed as to his motion and that the trial court would render its decision "based on the record that was already made." N.T., 10/23/14, at 3. Essentially, the August 2012 petition asserted, *inter alia*, that Mother's prior counsel engaged in obdurate and vexatious behavior since October 2011 in connection with her previous motions to modify child support and petitions to have the case designated as complex support litigation, which was ultimately granted on March 2, 2012. Father's more recent complaints involved Mother's alleged delays in completing discovery and her prior counsel's allegedly duplicitous actions in scheduling and withdrawing motions to modify Father's child support obligation.

Following the February 2015 custody determination, the trial court entered the above-referenced orders that awarded Mother monthly child support despite C.T.'s refusal to respect Mother's right to primary physical custody, and denied Father's petition for damages. With respect to the support award, the trial court expressly incorporated by reference and took

judicial notice of its exhaustively detailed opinion and order entered on February 27, 2015, in the corresponding custody matter. In sum, the trial court held that Mother "has standing to pursue child support since she was granted primary physical custody of the child by Order of Court dated October 1, 2013 and again by Order of Court dated February 27, 2015, and [Father's] retention of the child . . . has been in direct contravention of those court orders[.]" Trial Court Order, 3/3/15, at 1.

In relation to its decision to deny Father's petition for damages, the court stated, "the Court does not find there to be a sufficient nexus between the conduct of [Mother's] prior counsel complained of and the amount of damages claimed." Trial Court Order, 3/3/15. Father filed timely appeals and concomitant statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). This Court consolidated the appeals *sua sponte* and directed the parties to brief and argue the appeals as one. On May 26, 2015, the trial court entered a Rule 1925(a) opinion that addressed Father's appeals jointly.

In explaining its decision to sustain Mother's right to pursue child support even though C.T. refused to respect the order awarding her primary physical custody, the court concluded that, since Father's *de facto* custody of the parties' son was a product of parental alienation, public policy and the best interest of the child required it to recognize Mother as the custodial parent, as outlined in the custody order, for the purpose of imposing the

child support obligation. After citing the prevailing legal authority addressing a custodial parent's standing to pursue standing in this scenario, ***Seder v. Seder***, 841 A.2d 1074 (Pa.Super. 2004), and expressly incorporating its February 27, 2015 opinion, the trial court reasoned,

> Here, Mother has the legal right to custody and thus has standing. The court has determined by virtue of its opinion and order of court that it is in the child's best interest for Mother to have the custody as Father is alienating the child from Mother. It would be absurd to conclude that Father can act in defiance of the court order granting custody to Mother and then use that circumstance to avoid paying the child support that would follow from an award of custody to Mother.

Trial Court Opinion, 5/26/15, at 5.

Father presents the following questions for our review:

> I. Whether the trial court abused its discretion in awarding child support to Mother when Mother did not have physical custody of the child and the child had not been in her physical custody for nearly a year?
>
> II. Whether the trial court erred and committed an abuse of discretion in failing to award damages to Father when Mother engaged in dilatory, obdurate, or vexatious conduct by requesting that the support matter be deemed complex for discovery without need, then failing to engage in said discovery, failing to give timely notice to counsel and/or Father of the presentation of Motions and continuing the matter unnecessarily?

Father's brief at 5.

We evaluate Father's claims in light of the following standard of review of child support orders:

> Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order,

- 6 -

> this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

*R.K.J. v. S.P.K.*, 77 A.3d 33, 37 (Pa.Super. 2013)(quotations and citation omitted).

The crux of Father's first claim is that he was entitled to terminate his monthly child support obligation of approximately $1,000 per month because he had *de facto* custody of C.T. during the relevant period. Relying upon our discussions in *Riley v. Foley*, 783 A.2d 807 (Pa.Super. 2001) and *J.F. v. D.B.*, 942 A.2d 718 (Pa.Super. 2008), Father asserts that actual custody, rather than the terms of the child custody order, controls the determination of a support obligation. Furthermore, he attempts to distinguish the facts of this case from the facts underlying our decision in *Seder*, *supra*, based upon the trial court's finding that he was not in contempt of the October 1, 2013 custody order even though it undeniably found that Father was alienating C.T. against Mother. Recall that the trial court declined to hold Father in contempt in relation to C.T.'s disobedience due to shortcomings the court perceived in Mother's pleadings and her proof of specific allegations of Father's contumacious conduct. Father misstates the court's decision to forego a finding of contempt as an endorsement of his *de facto* custody.

*See* Father's brief at 16 ("There were specific findings that Father was not in contempt by having custody of [C.T.] during [the relevant] time period.").

Father's preoccupation with the fact that he was not found in contempt of the prevailing custody order is misplaced.[3]  The ***Seder*** Court's rationale did not rest upon the fact that the offending parent was found to be in contempt of a custody order.  In reality, as outlined *supra*, the ***Seder*** court focused on the offending parent's **conduct** and reasoned that it would be contrary to public policy, nay, "absurd" to reward a defiant parent for impinging on the other parent's custodial rights.  ***Seder***, ***supra***, at 1077.  Instantly, Father ignores the trial court's express finding of parental alienation and equates the court's conclusion that he did not actively violate the custody order with a finding that the alienation did not occur.  He is wrong.  Rather than issuing its imprimatur of Father's *de facto* physical custody based upon Father's implicit validation of C.T.'s disobedience, the court expressly admonished Father for alienating Mother and for his superficial responses to his son's defiance.  Thus, Father's attempt to distinguish the essential component of our holding in ***Seder*** from the facts in the present case fails.

_____

[3] In addition, we observe that Father was, in fact, found in contempt of the October 2013 custody order, albeit for willfully and intentionally encroaching upon Mother's authority to exercise sole legal custody of C.T.  Thus, to the extent that Father's argument is founded upon the absence of a contempt finding, once that lynchpin is removed, the claim fails for this reason also.

In relation to his second issue, Father argues that the trial court erred in failing to make specific findings of dilatory and vexatious behavior by Mother's former counsel and in failing to award him the damages that he requested. Essentially, he challenges the trial court's determination that the record did not sustain his claim for damages in light of the fact that, (1) in addressing an earlier grievance, a prior trial court declined to find that Mother's counsel engaged in dilatory or vexatious conduct and (2) Mother prevailed on several of the requests that formed the underpinnings of Father's allegations. Father simply asserts his perspective that the certified record is adequate to establish what he views as Mother's attempt to manipulate the court's motion and petition procedures to her strategic benefit. He also challenges the trial court's finding that it could not assess the evidence he adduced to support the claimed legal fees without further testimony linking the figures to the specific allegations of dilatory and vexations conduct. Again, we disagree.

Stated plainly, having agreed that the record was closed as to this issue, Father cannot now assert reversible error due to the court's finding that the record was insufficient to sustain his claims. While Father undoubtedly believed that he satisfied his burden of proof based on the evidence that he adduced, the trial court did not. As our standard of review is deferential to the trial court's weight and credibility determinations, we will not reweigh the evidence to reach a conclusion in Father's favor. ***See***

***Habjan v. Habjan***, 73 A.3d 630, 644 (Pa.Super. 2013) (Superior Court defers to court's credibility determinations).

After a thorough review of the certified record, the parties' briefs, and the pertinent law, in addition to the reasons outlined *supra*, we affirm the child support order and the order denying Father's petition for damages on the basis of the cogent and well-reasoned opinion of the learned President Judge Dominick Motto entered on May 26, 2015.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016

- 10 -

H██████ T██████,

    Plaintiff

VS.

K██████ T██████,

    Defendant

: IN THE COURT OF COMMON PLEAS

: LAWRENCE COUNTY, PENNSYLVANIA

: NO. 271 OF 2009, D.R.

: PACSES NO. 564103710

:

## APPEARANCES

For the Plaintiff:              Richard Ducote, Esq.
                                 Erica Burns, Esq.
                                 Richard Ducote, PC
                                 4800 Liberty Avenue
                                 3rd Floor
                                 Pittsburgh, PA  15224

For the Defendant:            Richard B. Sandow, Esq.
                                 C. Kurt Mulzet, Esq.
                                 Stephanie T. Anderson, Esq.
                                 Jones, Gregg, Creehan &
                                     Gerace, LLP
                                 411 Seventh Avenue
                                 Suite 1200
                                 Pittsburgh, PA  15219

## OPINION

MOTTO, P.J.                                        MAY 26, 2015

The Defendant Father has filed two separate appeals from separate orders issued by the Court on March 3, 2015. One order found that the Plaintiff Mother has standing to pursue child support since she was granted primary physical custody of the child by Order of Court dated October 1, 2013 and again by Order of Court dated February 27, 2015, and that the retention of the child by Father has been in direct contravention of those orders.

The second order appealed from denied Father's Petition for Damages, seeking attorneys fees because of alleged dilatory conduct of prior counsel of Mother.

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

Although Father filed separate appeals, the Court will consider both matters in one Pa.R.A.P. 1925(a) statement.

As to each appeal filed from each order, the Court directed Father to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

As to the order of Court awarding Mother child support, Father states that the Court committed an abuse of discretion in awarding child support to Mother when Mother did not have physical custody of the child and the child had not been in her physical custody for nearly a year.

Mother filed for modification of a prior support order dated May 22, 2013 because of the entry of an order of this Court dated October 1, 2013 which awarded her primary physical and sole legal custody of the child, which is the subject of these proceedings.

From March 2011 until October 1, 2013, the parties shared physical custody of the child on a 50/50 basis and Father was granted the shared custody deviation in the support matter. Shortly after the October 1, 2013 custody Order was entered which gave Mother primary physical custody, the child began running away from Mother's home to Father's home. By January 1, 2014, despite the October 1, 2013 order, the child no longer stayed at the Mother's home. The October 1, 2013 Custody Order was appealed by Father and the Superior Court affirmed the October 1, 2013 order. Subsequent to the Superior Court affirmance, both parties filed petitions to modify the October 1, 2013 Custody Order and cross petitions for contempt. A lengthy subsequent custody trial was held. During the pendency

of the trial, Father filed the within Petition to Modify Child Support, taking the position that he does not have a support obligation to Mother for the time period that he has had sole physical custody, and that Mother has an absolute obligation to pay support to Father. At the October 23, 2014 de novo hearing, the Court issued an order that date directing that a decision in this case would be deferred until the completion of the pending proceedings in the related custody dispute between the parties at case No. 11297 of 2006, C.A. as the Court findings in that case will impact the issue in this case relative to the effect of Father having the actual physical custody of the child since December of 2013.

The result of the related custody proceedings at case No. 11297 of 2006, C.A. was that the Court issued a lengthy opinion and order of court which awarded primary physical custody of the child to Mother, and also found that the fact that Mother had not had the child was due to the actions of Father in alienating the child from Mother. The Court further directed that if the child attempted to again run from Mother that the child was not to be returned to Father. The Court incorporates herein by reference the Opinion and Order of Court entered in case K██████ T██████ v. H██████ T██████, No. 11297 of 2006, C.A. and dated February 27, 2015. The Court here found that since the retention of the child by Father was in contravention of the court orders and the product of his alienating behavior, Mother therefore had standing to continue to receive child support.

In Seder v. Seder, 841 A.2d 1074 (Pa.Super. 2004), the Superior Court held that the father who was awarded primary

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

3

custody of a child had standing to commence an action for child support, even though the child was living with mother. The father had been granted primary physical custody of the child, while the mother had left the country with the child, in contravention of the custody order. The court noted that the statute governing commencement of support actions did not limit standing only to those who actually cared for a child, but also conferred standing on those who had the legal right to custody. 23 Pa.C.S.A. §4341; Pa.R.C.P. 1910.3.

The Seder court addressed the language of 23 Pa.C.S.A. §4341 which, in a 1997 amendment provided that any person caring for a child shall have standing to commence or continue an action for support regardless of whether a court order has been issued granting that person custody of the child. Previously, the Supreme Court in Larson v. Diveglea, 549 Pa. 118, 700 A.2d 931 (1997) held that only a person with an order granting legal or physical custody has standing to bring an action for child support, the Larson court basing its conclusions upon Pa.R.C.P. 1910.3 and 1915.1. Pa.R.C.P. 1910.3(b) provides that an action shall be brought on behalf of a minor child by a person having custody of the child, with Pa.R.C.P. 1915.1 providing that custody is defined as the legal right to keep, control, guard, care for and preserve a child and includes the terms "legal custody", "physical custody", and "shared custody[.]" The Seder court held that the apparent conflict between Pa.R.C.P. 1910.3 and the standing provision of 23 Pa.C.S.A. §4341 is resolved by finding the amendment to §4341 enlarges the population that has standing to pursue an action for child support, by conferring

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

4

standing on a party actually caring for a child but without a court order granting custody to the party, but does not preclude standing under Rule 1910.3(b) pursuant to which parties with legal right to custody have standing. The Seders court stated that:

> Were we to find otherwise, we would reach the absurd result that mother, who has acted in defiance of the court order granting custody to father, has standing to pursue child support since she is actually caring for the child, but father, who has legal right to custody of the child and who would be actually caring for the child but for mother's acts in violation of the court order, lacks standing to do so. Instead we agree with the trial court which concluded father has standing to seek child support pursuant to Rule 1910.3 since he was granted primary legal and custody of the child on March 30, 2001, an order which has not been amended.

> We also agree with the trial court's rationale in its decision to award support to Father. It reasoned the purpose of child support is to promote the child's best interest. [Citation omitted]. The Court determined an award of custody to father was in the child's best interest, and therefore father's attempts to regain custody of his daughter are in his best interest. Those efforts are expensive. Moreover, father maintains a home for his daughter in the hopes mother will ultimately will comply with the court's order. Funds spent in these efforts, as with funds retained by father for the daughter's benefit, do in fact promote the daughter's best interest.

Seder v. Seder, 841 A.2d at 1077.

Here, Mother has the legal right to custody and thus has standing. The Court has determined by virtue of its opinion and order of court that it is in the child's best interest for Mother to have the custody as Father is alienating the child from Mother. It would be absurd to conclude that Father can act in defiance of the court order granting custody to Mother and then use that circumstance to avoid paying the child support that would follow from an award of custody to Mother.

Father has also appealed the March 3, 2014 Order of this Court which denied Father's Petition for Damages, the Court finding that there was not a sufficient nexus between the conduct of Plaintiff's prior counsel complained of and the amount of damages claimed. Father's Concise Statement of Matters Complained of on Appeal states that the Court committed an abuse of discretion in failing to award damages to Father when Mother engaged in dilatory, obdurate or vexatious conduct by requesting that the support matter be deemed complex for discovery without need, then failing to engage in said discovery, failing to give timely notice to counsel and/or Father of the presentation of motions and continuing the matter unnecessarily.

The undersigned judge was not the judge to whom the Petition for Damages was presented nor has this judge heard any argument nor presided over any hearing on the motion. This motion was originally presented to the Honorable Eugene E. Fike, II, who subsequently recused himself from this case and the related custody case because one of the parties filed a lawsuit against him in Federal Court. This case was subsequently reassigned to the Honorable Thomas M. Piccione, who provided over various proceedings in this case including the ultimate issue of a support order, but the Petition for Damages was not resolved before Judge Piccione, who subsequently was required to take a medical leave, thus causing this case to be reassigned to this judge. The parties agreed that the undersigned could decide the Petition for Damages based upon the record as it presently exists.

The record reflects that Father filed a "Motion to Dismiss Supplemental Support Hearing Scheduled for July 30, 2012, and to Impose Sanctions, Attorney Fees and Damages, and Prohibit the Filing of Findings of Fact, Conclusions of Law and Proposed Order of Court." In that motion, Father averred that he is entitled to attorneys fees in the amount of $5,000.00. That motion was heard before Judge Fike on July 26, 2012. Relative to the issue of sanctions, Judge Fike stated that the imposition of sanctions would be evaluated at a hearing scheduled for July 30, 2012. (Notes of Testimony, July 26, 2012, p. 38).

On July 27, 2012, Judge Fike issued an order stating that upon consideration of Plaintiff's Motion to withdraw Request for Supplemental Hearing and Cancel Hearing, that the Motion to Withdraw Request for Supplemental Hearing and Cancel Hearing is granted and the hearing scheduled for July 30, 2012 before Senior Judge Eugene Fike is cancelled. The Order further provided that counsel for the Defendant would have until August 13, 2012 to file a memorandum, if desired, regarding Defendant's Request for Sanctions, Attorneys Fees and Damages and that Plaintiff's counsel would have until August 23, 2012 to file a response, if desired.

The parties were before Judge Fike on August 10, 2012 arguing Father's Motion to Quash Mother's Petition for Modification. In the course of that argument Father argued that the actions of counsel for Mother were dilatory and that Father had incurred counsel fees in excess of $10,000.00. Counsel for Mother disputed the statements of counsel for Father. No evidence was taken on the issue of sanctions. At page 34 of the

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

Notes of Testimony of that proceeding held on August 10, 2012 counsel for Father references that sanctions and counsel fees due to the conduct of the Plaintiff/Mother and counsel will "be presented Monday in my petition."

On August 13, 2012, Father filed his Petition for Damages requesting counsel fees in the amount of $21,118.00.

On or about August 23, 2012, Mother filed an Answer to the Petition for Damages denying all critical issues of fact alleged on the Petition for Damages and setting forth new matter.

On August 29, 2012, Judge Fike issued an order setting forth that having been named, with other persons, including Defendant's counsel, as defendant in a civil suit filed by Plaintiff, that to avoid the appearance of impropriety or a conflict of interest, the undersigned (Judge Fike) recuses himself from further proceedings in the above captioned action. No further proceeding was held on the issue of sanctions until Father filed a Motion for Special Relief requesting that this Court enter an order based on the existing record as to Father's Petition for Damages.

The right of participants to receive counsel fees under the circumstances here alleged is set forth in 42 Pa.C.S.A. §2503(7). The statute provides, in enumerating participants who shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter, the following:

> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

It is only where the facts necessary for a trial court to find dilatory conduct on the part of litigants are admitted and undisputed that the court can award attorneys' fees without an evidentiary hearing. Kulp v. Hrivnak, 765 A.2d 796 (Pa.Super. 2000). In order to warrant an award of counsel fees as a sanction for conduct that is alleged to be arbitrary and vexatious, the petition or proceeding brought that is challenged as being vexatious or arbitrary must be wholly without legal or factual grounds and not simply an argument raised that was determined by the court to be without merit. In Re: Barnes Foundation, 74 A.3d 129 (Pa.Super. 2013), appeal denied 80 A.3d 774. It is also held that conduct is "dilatory" as would warrant an award attorneys' fees as a sanction, where the record demonstrate that counsel displayed a lack of diligence that delay proceedings unnecessarily and caused additional legal work. In Re: Estate of Burger, 852 A.2d 385 (Pa.Super. 2004), affirmed 898 A.2d 547, 587 Pa. 164.

Father alleges numerous fillings and actions taken by counsel for Mother which Father contends constitute dilatory, obdurate and vexatious conduct. However, each of these matters were addressed by the judge assigned to the case at the time without any finding that such counsel had engaged in any such conduct or that the action taken was without a legitimate arguable basis. Mother's Answer to the Petition for Damages each of the allegations and asserts that the actions were reasonable or necessary and that in fact counsel for Mother had actually prevailed on many of the issues put before the Court that Father contends constitute dilatory actions. As to the

9

matters relating to the December 28 and December 29, 2011 as alleged in Paragraphs 90 and 91 of the Petition for Damages, counsel for Mother asserts that these matters were previously litigated before the Court, specifically the averments of Paragraph 91, and such averments were found to be unsubstantiated and lacking merit. Attached to the Answer of Mother to the Petition for Damages is a copy of Order of Court dated February 15, 2012 of Judge Fike finding "insufficient evidence of intent to harass, cause unnecessary delay or increase the cost of litigation, or that motions were filed for an improper purpose, and having found insufficient evidence of willful and intentional actions constituting obdurate vexatious or dilatory conduct;" such Order bearing a filing stamp of February 17, 2012. Further, by Order dated March 2, 2012, the Court granted Mother's Motion to Certify the case as complex, which is the very action that, in part, Father asserts to be dilatory. The Court cannot from this record conclude that there is no basis for such motion, in any event, the Court granted the motion after hearing the arguments of counsel relative thereto.

In terms of actual damages caused by any alleged dilatory, vexatious or obdurate conduct, the only evidence that has been submitted is an exhibit attached to the Petition for Damages containing an itemized list of services performed. The Court cannot view the items on the list, and without testimony, draw a nexus between the items claimed as damages and any specific conduct of the Defendant which the Court could conclude to have been dilatory, vexatious or obdurate. Furthermore, the Court cannot determine the reasonableness of the fees nor the

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

10

necessity for the time expended. Additionally, some of the expenses were incurred prior to February 15, 2012, the date on which Judge Fike found insufficient evidence as to the previous motion for sanctions.

In short, relative to Father's Petition for Damages, there simply exists an insufficient record for the Court to make a determination that the fees expended related to any improper conduct of counsel that would fall within the ambit of 42 Pa.C.S.A. §2503(7). No hearing was held to address the Father's allegations, and the allegations were answered, with new matter having been raised, which answer raised factual issues as to the Father's Claim for Damages.

11

